**Richmond.**

CITY OF NORFOLK *v.* JOHNAKIN.

February 4, 1897.

1. INSTRUCTIONS—*Failure to except to.*—This court will not consider objections to instructions given by the trial court, when it appears that no exception was taken to the action of the trial court in giving the instructions complained of.
2. MEASURE OF DAMAGES—*Personal injuries—Excessive verdict.*—There is no legal measure of damages for the pain and anguish resulting from a personal injury, and, ordinarily, the court will leave the question of amount to the sound discretion of the jury, and will not set aside a verdict as excessive unless the damages are so great as to indicate that the jury was actuated by partiality or prejudice, or acted under some gross error or misconception of the subject.
3. NEGLIGENCE—*Obstructing streets.*—It is negligence in a city to allow its streets to remain obstructed at night, without taking reasonable and proper precautions to light them so as to enable persons travelling thereon to observe the obstruction by the use of ordinary care.
4. NEW TRIALS—*After-discovered evidence—Case at bar.*—A motion for a new trial on the ground of after-discovered evidence should not be granted unless it appears that the evidence was discovered after the trial ; that it could not, by the exercise of reasonable diligence, have been discovered before the trial ; that it was material, and such as ought on another trial to produce an opposite result on the merits ; and that it is not merely cumulative, corroborative, or collateral. In the case at bar, the evidence was discovered during the trial, and might have been discovered before the trial by the exercise of reasonable diligence, and the record fails to disclose that any motion was made to postpone the case till the evidence could be obtained.

Error to a judgment of the Corporation Court of the city of Norfolk, rendered April 16, 1894, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

The instructions given by the trial court are copied in the bill of exceptions filed by the plaintiff in error to the action of the court in refusing to set aside the verdict of the jury. But no exception was taken or objection made, so far as disclosed by the record, when the instructions were offered. The record does not disclose which of the instructions given were offered by the plaintiff, and the defendant, respectively, · though this was pointed out in the argument of counsel.

*Walter H. Taylor* and *Thos. W. Shelton*, for the plaintiff in error.

*Neely, Seldner & Warrington* and *John G. Tilton*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Corporation Court of the city of Norfolk, in an action to recover damages for personal injuries sustained by the defendant in error on the 24th day of November, 1892, resulting from the alleged negligence of the plaintiff in error in not keeping its streets free of obstructions, or in not taking reasonable and proper precautions to warn persons travelling thereon of the obstructions left in the street.   The defendant in error (plaintiff in the court below) was out driving with her escort in a two-wheeled dog-cart after 5:30 P. M. on the evening of the accident, and, in returning home by way of Brambleton avenue, one of the wheels of the vehicle ran over a pile of dirt or sand lying in the street, the vehicle was upset, they were both thrown out, and the plaintiff injured.

The dirt or sand which overturned the vehicle was taken from and piled about three feet high along the sidewalk which the city was paving; had been there for two days, and a light

put thereon the night before, but not so lighted the night of the accident until after it occurred.

A verdict was rendered for the plaintiff, assessing her damages at $5,000, the amount claimed in the declaration, and the court overruled a motion of the defendant for a new trial, and entered judgment upon the verdict.

The grounds upon which the motion for a new trial was made, are:

1. The verdict is contrary to the law and evidence.

2. The court misdirected the jury.

3. The damages awarded by the jury are excessive.

4. Evidence unknown to the defendant before, was discovered after, the trial.

In its petition for the writ of error, plaintiff in error does not rely upon the first two grounds stated, but in the brief filed and the oral argument, it is insisted that the instructions given by the court at the instance of the plaintiff misdirected the jury.

Without setting out the instructions at length, it is sufficient to say that no exceptions were taken to them at the trial, and the court gave to the jury the only instruction asked for by the defendant, and the instruction clearly and fairly propounded the law of the case. We are, therefore, to consider only the two remaining assignments of error, viz: That the damages awarded are excessive, and that a new trial should have been awarded on account of after-discovered evidence.

It was said by RIELY, J., in delivering the opinion of this court in *Richmond Rwy. Co.* v. *Garthright*, 92 Va. 635: "No method has yet been devised, nor scales adjusted, by which to measure or weigh the value in money the degrees of pain and anguish of a suffering human being, * * * and the verdict of a jury will not be set aside on the ground of excessive damages, unless the damages be so great as to indicate that the jury was actuated by partiality or prejudice." See also *Farish* v. *Reigle*, 11 Gratt. 697; *Benn* v. *Hatcher*,

81 Va. 33; 4 Minor's Inst., 757; *Norfolk & W. R. Co.* v. *Shott*, 92 Va. 34.

It was said by HARRISON, J., in the last named case: "The law as to how far courts will interfere with the verdicts of juries is very well settled. The question to be considered is not whether the court, if acting in the place of the jury, would have given more or less than the amount of the verdict, but whether the damage awarded by the jury is so large or so small as to indicate that the jury has acted under the impulse of some undue motive, or some gross error or misconception of the subject. Where there is no legal measure of damage, the court will ordinarily leave the question of amount to the sound discretion of the jury."

The application of these well settled principles to the case at bar precludes, we think, any interference with the verdict of the jury, on the ground of excessive damages.

No witness was introduced by the defendant to detract from the force of the plaintiff's evidence as to the nature and extent of her injuries. She herself testified that she was a helpless invalid and a cripple from the 24th of November, 1892, to the day of the trial, April 16, 1894. She stated that she did not remember to have passed a single day during the period without pain, while at times she suffered excruciating agony. In this she is corroborated by the testimony of her attending physician, Dr. Baker, who, though not called in until August 31, 1893, states that she was suffering from injury to one of the large nerves of the leg, or from inflammation of the periosteum, the technical name of one being neuritis and of the other periostitis. Either disease, he says, would have been the natural consequence of such a fall and such injury as were described to him by the plaintiff and her mother as having been sustained by the plaintiff, and that either disease is slow in yielding to treatment; that plaintiff had been continuously under his treatment; that he had applied electrical treatment, massage, blister, and other appropriate remedies, and given her tonics, thereby improving her condi-

tion, but at that time she was unable to use a sewing machine, or to make any active exertions of any kind.    While Dr. Baker did not regard plaintiff as permanently disabled, he was of opinion that it would require twelve or eighteen months more to effect her restoration to health, and said he would not be surprised if a longer period were required.

Dr. Shepherd, another practicing physician who had been called in consultation, concurred in the opinion of Dr. Baker as to the extent and character of plaintiff's injury.

Her father and mother both testified as to her injury and sufferings, as did two other intelligent witnesses, neither of whom is of kin or in any way related to the plaintiff, but had, they state, every opportunity to observe her and to know of her condition.    The one had boarded in the house with her, and the other a near neighbor, living just across the street, had helped plaintiff's mother at various times in nursing her.    It is furthermore shown that the plaintiff, a young lady about twenty-four years of age, at the date of the trial, was and had been suffering in her nervous organization and in her general health, unable to render any assistance about household matters, or to move around at all without support, and was wholly prevented from participating in the social enjoyments customary among young people.

The proof is also sufficient to warrant the finding of the jury that the defendant was negligent in allowing the obstruction in the street which caused the injury to the plaintiff, to remain there without taking the reasonable and proper precautions to light the street so as to enable persons driving thereon to observe the obstruction by the exercise of ordinary care.    The obstruction was sufficient to overturn the vehicle in which the lady was riding, though she was being driven carefully, and at a moderate gait.    In fact, there is not the slightest evidence to show contributory negligence on the part of the plaintiff.

Motions for new trials are governed by the same rules in

civil as in criminal cases, and the circumstances controlling the granting of new trials upon the ground of after-discovered evidence are summed up by this court in *Nicholas's Case,* 91 Va. 753, thus:

1st. The evidence must have been discovered since the trial.

2d. It must be evidence that could not have been discovered before the trial by the exercise of reasonable diligence.

3d. It must be material in its object, and such as ought, on another trial, to produce an opposite result on the merits.

4th. It must not be merely cumulative, corroborative, or collateral—citing 4 Minor's Inst., part 1, 758, 759; *St. John's Ex'ors* v. *Alderson,* 32 Gratt. 140, 143; *Wynn* v. *Newman's Adm'r et al.,* 75 Va. 817; *Whitehurst* v. *Comth.,* 79 Va. 556.

The so-called after-discovered evidence in this case was in fact disclosed to counsel for defendant certainly during the trial, and might have, we think, been discovered, by the exercise of reasonable diligence, before the trial.     The evidence relied on is that of Dr. Riddick, who was a practicing physician in Norfolk city, called in to see the plaintiff some two or three weeks after her fall, but the affidavit made by the attorney for the defendant city in support of the motion for a new trial, states that the fact that Dr. Riddick had attended the plaintiff was disclosed during the trial; and in the petition for this writ of error, it is stated that, "the defendant endeavored to have Dr. Riddick brought into the case to testify at the time, and moved the court to have him sent for and to await his arrival, but Dr. Riddick happening to be out of the city on that day, the court overruled the defendant's motion, declined to wait for him, and rendered judgment without his evidence, to which defendant excepted."

The record, however, fails to disclose the fact that any such motion was made.

We are of opinion, therefore, that the judgment of the court below should be affirmed.

*Affirmed.*