# Richmond

## James L. Moore, an Infant, etc. v. Virginia Transit Company, et als.

November 22, 1948.

Record No. 3378.

Present, All the Justices.

494

*Robert H. May*, for the plaintiff in error.

*T. Justin Moore, Leigh D. Williams* and *Lawson Worrell, Jr.*, for the defendants in error.

HUDGINS, C. J., delivered the opinion of the court.

Plaintiff, a minor, nine years of age, instituted this action by his father and next friend to recover damages for personal injuries sustained in a collision of the automobile in which he was riding with a bus owned by the Virginia Transit Company and operated by E. L. Saunders. On the conclusion of the introduction of plaintiff's evidence the trial court sustained defendants' motion to strike. The jury, in obedience to this ruling of the court, returned a verdict for defendants.

The only question presented is whether the evidence tending to establish negligence of defendants is sufficient to submit the issue to the jury.

About seven o'clock p. m. on March 22, 1947, E. L. Saunders was operating a passenger bus east on East Ocean View avenue, a part of Highway No. 60, in the city of Norfolk. When he stopped his bus at the intersection of Grove avenue for the purpose of discharging passengers, his motor stalled, and he left the bus and went to a near by telephone and notified his employer that his bus had broken down. He returned to the bus and, without displaying any lights, took a seat inside and talked to his brother for some time.

Route No. 60, or East Ocean View avenue, extends east

and west. The paved portion is nineteen feet one inch wide with a narrow dirt shoulder, somewhat soft, to the south and a gravel shoulder thirty feet wide on the north, which is used for parking. The operator did not know the length or width of the bus. He estimated the width to be ten or twelve feet. The bus stopped with all four wheels on the paved surface, its right side close to the southern edge.

James H. Moore, the father of plaintiff, was driving his 1931 Ford coupe at approximately 20 miles an hour east on East Ocean View avenue, with the headlights depressed. The plaintiff was seated on the extreme right of the front seat, his small sister sitting between him and his father. As Moore approached the intersection with Grove avenue he saw a number of motor vehicles traveling west with the headlights burning. He was blinded by one or more of the lights of these westbound cars and did not see the bus until he was within 25 feet of it, and at the same time a westbound car was opposite the bus. He immediately cut his car to the left and applied his brakes, but was unable to avoid running into the rear of the bus, thereby causing the injuries of which plaintiff complains.

Plaintiff introduced three ordinances of the City of Norfolk, Chapters 21,[1] 26[2] and 49.[3] Defendants introduced section 939, Article I, Chapter 49, of the Motor Vehicle

[1] "CHAPTER 21.

MOTOR BUSSES

Section 270. Maintenance of vehicles and equipment.—All vehicles and the equipment used in connection therewith, operated under this chapter, shall at all times be kept in proper physical condition to the satisfaction of the city manager, or his duly authorized representative, so as to render safe, adequate and proper public service and so as not to be a menace to the safety of the occupants or of the general public."

[2] "CHAPTER 26.

STREETS, SIDEWALKS AND BRIDGES

Section 359. Warning lights on obstructions or excavations.—Any person who shall break or dig up any street, or deposit rubbish or other material thereon, shall place as many lights as may be necessary to warn passers-by of such break or obstruction in the streets, on each and every night, from sunset until sunrise, so long as such break or obstruction shall remain in the

Code of the city which provides, "No lights need be displayed upon any vehicle when parked in accordance with Article II of this chapter."

Defendants contend that plaintiff's evidence did not establish a *prima facie* case of negligence. This contention is based on the alleged failure of plaintiff's evidence to prove that defendants violated the provision of any of the ordinances introduced.

The only ordinance introduced in evidence regulating the parking of motor vehicles upon the streets of the city is section 975 (see footnote 3), which prohibits any parking within certain areas. It appears from the evidence that there were no curb lines on either Grove avenue or East Ocean View avenue and the distances from the property lines are not disclosed with sufficient accuracy for us to ascertain whether or not the bus was stopped within a prohibited area.

The defendants' position is, that since the plaintiff did not expressly prove that the bus was stopped or parked contrary to the provisions of the city ordinance, there was no duty upon them to display lights or warning signs of the obstruction, and that in the absence of such evidence it must be presumed that the bus was parked in accordance with the provisions of the ordinance.

 Violation of a statute or a municipal ordinance

streets. Any person violating this section shall be subject to a fine of not more than twenty dollars for each offense."

3 "CHAPTER 49.

MOTOR VEHICLE CODE

ARTICLE II. PARKING

Section 975. Places where parking prohibited.—No person shall park a vehicle or permit it to stand, whether attended or unattended, upon a highway in front of a private driveway, or within fifteen feet in either direction of a fire hydrant or the entrance to a fire station, or within twenty feet from the intersection of curb lines, or if none, then within fifteen feet of the intersection of property lines at an intersection of highways, or between a safety zone and the adjacent curb or within twenty feet of a point on a curb immediately opposite the end of a safety zone, or within the limits of any pedestrian crosswalk, or within the space opposite the portion of any street or roadway occupied by building or other materials, or within twenty feet of a point opposite the same."

adopted for the safety of the public is negligence in that it is the failure to exercise that standard of care prescribed by a legislative body. This is not the exclusive standard to which the conduct of a responsible party must conform to avoid being negligent. It is stated in the notice of motion that defendants "did negligently have a bus on the streets of Norfolk, Virginia, and as a result of * * * said negligence" plaintiff sustained the injuries of which he complains. While we think that plaintiff should have been more specific in the statement of his case, no bill of particulars was requested or given. The charge in the pleading is so general that it includes any failure of defendants to exercise ordinary care.

The standard of conduct to which a party "must conform to avoid being negligent is that of a reasonable man under like circumstances." 2 Torts A.L.I., section 283.

As this court has stated, and restated, negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person would not have done under existing circumstances. The duty is dictated and measured by the exigencies of the occasion. Michie's Virginia and W. Va. Dig., Negligence, sec. 2, Vol. 5, p. 70; West's Virginia and W. Va. Dig., Negligence, Key No. 136(14), p. 883.

Judge Keith, in *Chesapeake, etc., Ry. Co.* v. *Farrow,* 106 Va. 137, 55 S. E. 569, said "the care required to prevent the infliction of injury is always proportioned to the probability that exists that an injury will be done under circumstances which are known to exist, or from past experience may be reasonably expected to exist in a particular case."

Plaintiff's evidence discloses that the bus was stalled at night upon a main arterial highway (Route No. 60 extending from Virginia Beach west through the city of Norfolk), at a site where the paved portion of the highway was only 19 feet wide, at a time when east and westbound traffic was constantly moving. The bus was stopped in such manner as to obstruct practically the entire width of the east traffic lane. It was permitted to remain in this position

for more than an hour without displaying lights or other warning signals. The operator of the bus, after notifying the office of the company of the fact that the bus had broken down, and without taking any steps to warn the traveling public of the fact that the bus blocked the street, re-entered it and sat in the dark until the accident occurred. The operator knew that the bus was blocking eastbound traffic and that frequently headlights of approaching cars obscured the vision of users of the highway going in the opposite direction. Under such circumstances he knew, or should have known, that there was a probability of an eastbound motorist driving into the rear of the bus.

A due consideration for the well-being and safety of others should have prompted the operator to move his bus out of the path of traffic as soon as reasonably possible, and until it was so moved he should have taken proper steps to warn oncoming traffic of the fact that the lane was blocked. It would have been quite simple for the operator to have displayed his lights or to have taken other steps to have warned eastbound traffic of the obstruction. Under these circumstances the question of defendants' negligence should have been submitted to the jury under proper instructions. *Gaber* v. *Weinberg*, 324 Pa. 385, 188 A. 187; 1 N. C. C. A. (N. S.) 54.

The traveling public using a main arterial street or highway in the ordinary manner have the right to act on the assumption that the highway through its entire traveled portion is in a reasonably safe condition and they are not required as a matter of law to be on the lookout for either defects or obstructions therein. *Armstrong* v. *Rose,* 170 Va. 190, 196 S. E. 613; *Radford* v. *Calhoun,* 165 Va. 24, 181 S. E. 345, 100 A. L. R. 1378; *Norfolk* v. *Johnakin,* 94 Va. 285, 26 S. E. 830; *Jones* v. *Massie,* 158 Va. 121, 163 S. E. 63; *Richmond* v. *Pemberton,* 108 Va. 220, 61 S. E. 787; *Richmond* v. *Rose,* 127 Va. 772, 102 S. E. 561, 105 S. E. 554. The municipalities themselves, in three of the above cited cases, i. e., *Radford* v. *Calhoun, Norfolk* v. *Johnakin* and *Richmond* v. *Pemberton,* were held liable for failure to erect

or display adequate warning signs of obstructions in the streets.

It is a crime, both at common law and by statute, to obstruct a public highway. 40 C. J. S. Sec. 230, p. 235; Minor on Criminal Law, 190; Code, sec. 4730. The civil liability of a party obstructing a highway is not always based upon the fact that a statute prohibits such obstruction, but such liability may be, and frequently is, based upon the violation of a common-law duty that such person owes to the traveling public. An example of this common-law liability is stated in *Jordan* v. *Wyatt*, 4 Gratt. (45 Va.) 151, 47 Am. Dec. 720. There Judge Baldwin, speaking for the court on the distinction between the action of *trespass vi et armis* and trespass on the case, at p. 155, said: "There is no better illustration of the distinction than the familiar case, commonly put, of throwing a log into a highway, which in its flight or fall hits or strikes a person; there the injury is immediate, and the remedy may be trespass; but if, after it has fallen and while lying on the ground, a passenger stumbles over it and is hurt, the injury is consequential, and the remedy must be case."

The uncontradicted evidence for plaintiff tends to prove that defendants stopped their bus on the street in such manner that without lights it was a source of potential danger to the users of the street.

Michie's Code of 1942, sec. 2154(145) requires that certain lights be displayed on a vehicle which is "parked or stopped upon a highway" after sunset. The section closes with the proviso "except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicle when parked in accordance with local ordinance."

The defense here is that the bus was "parked" upon the street in accordance with the terms of a local ordinance. No ordinance regulating the parking of motor vehicles upon the streets of the city of Norfolk (except those not pertinent hereinbefore enumerated) was introduced. The court will not take judicial notice of local laws.

Plaintiff based his charge of negligence, not upon the

violation of an ordinance, but upon the breach of a common-law duty. His evidence tends to establish such a charge. The contention of defendants amounts to an affirmative defense and, therefore, the burden was upon them to prove the enactment of an ordinance regulating the parking of motor vehicles under the circumstances disclosed. This they did not do.

On the facts presented reasonable men might differ on the question of whether defendants exercised reasonable care in leaving a bus, without lights, on the street in the manner described. This being true, the question of their negligence should have been submitted to the jury.

*Reversed and remanded.*