## Richmond

GEORGE S. STEIN, TRDG., ETC. v. JAMES WALLACE POWELL, JR., AN
INFANT, ETC.

April 23, 1962.

Record No. 5379.

Present, All the Justices.

*Mills E. Godwin, Jr.* and *Lawson Worrell, Jr. (Williams, Cocke,
Worrell & Kelly; Godwin & Godwin,* on brief), for the plaintiff in
error.

*A. E. S. Stephens* and *William N. Stovall,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

A motion for judgment was filed in the Circuit Court on behalf of James Wallace Powell, Jr., a two-and-one-half-year-old infant, through his father and next friend, James Wallace Powell, Sr., seeking damages for injuries sustained on the premises of George S. Stein, trading as Hub Department Store.

The trial resulted in a jury verdict for the plaintiff in the sum of $20,000, on which, over the objection of the defendant, final judgment was entered. We granted defendant a writ of error.

The pertinent facts, stated in the light most favorable to the infant plaintiff, reveal that on the day of the accident the child was brought into the store by his mother. The mother's purpose in visiting the store was to assist her mother (plaintiff's grandmother) in the selection of a dress. At the rear of the store are two "small" rooms, the one on the left was used exclusively as a dressing room, and the one to the right was used as a combination dressing and storage room.

Plaintiff's grandmother had selected a dress and had entered the left dressing room to try it on. She was followed by the saleslady who was waiting upon her. Plaintiff's mother was examining a rack of dresses in an effort to find another garment which might suit her mother when the plaintiff freed himself from his mother's hand and ran into the dressing room on the right and slammed the door. Immediately there was a crash of breaking glass. When the door was opened the child was found by his mother on the floor with broken fragments of a glass mirror scattered about him, one large piece had pierced his leg and another large segment of the mirror was found leaning against the wall. Prior to the breaking, the unframed, rectangular mirror—commonly known as a "full length mirror"—had been leaning against the wall.

The motion for judgment alleged that the plaintiff on the occasion was an invitee and that the shop owner owed him the duty of ordinary care not to injure him, charging that the storekeeper or his agents, servants or employees "negligently failed in your legal duty as aforesaid toward the plaintiff in consequence of which a mirror, or some other object made from glass, being then and there placed by you, your agents, servants and/or employees, in a dangerous position, fell

on and upon the plaintiff causing him to sustain severe, painful and permanent injuries * * *, and you, the said defendant, otherwise negligently failed to keep your said premises, together with its fixtures and equipment, in a safe and sound condition all of which caused the * * * injuries" complained of.

The responsive pleading denied all acts of negligence and called upon the plaintiff for a bill of particulars showing "the facts and acts of negligence relied upon." The record does not show that the bill of particulars was filed.

The first question for decision, says the defendant, is "whether the infant plaintiff was a licensee or invitee at that part of defendant's premises where the accident occurred."

In this connection, the defendant objected and excepted to the court instructing the jury that the plaintiff was an invitee on the premises of the defendant and that the defendant owed to plaintiff the duty of using ordinary care to have his premises in a reasonably safe condition.

Here the defendant argues that while the child might have been an invitee insofar as the main portion of the store was concerned, he was a mere licensee as to the dressing and storage room where the accident occurred.

The defendant's evidence shows that children are welcome in this dress shop when accompanied by a parent, and there appears to be no limitation as to what part of the store the implied invitation extends.

The proprietor of a store is under the duty to exercise ordinary care to keep in a reasonably safe condition the entire premises which it is reasonably expected that a customer may visit. He is under the same obligation to a child accompanying a customer.

While there are cases holding to the contrary (see Anno: 44 A.L.R. 2d, page 1336, § 7) we hold that under the facts and circumstances of this case the child was an invitee rather than a licensee and the court properly instructed the jury to the effect. Restatement of the Law, Torts, Chapter 13, paragraphs 331-332, pp. 897-900; Anno: 44 A.L.R. 2d, page 1329; 38 Am. Jur. (1961 Cum. Supp.), Negligence, § 137, page 83.

The second question, says the defendant, is "whether the doctrine of *res ipsa loquitur* is applicable."

In this connection, the plaintiff offered Instruction No. P-5, which was given by the court over the vigorous objection of the defendant. The instruction reads:

"The court instructs the jury if you believe from a preponderance of the evidence that the plaintiff entered the door of the dressing room and closed the door and that simultaneously with entering the room and closing the door, a mirror crashed and fell upon the plaintiff, the plaintiff has made a prima facie case and the burden is upon the defendant to produce evidence sufficient to outweigh the prima facie case made by the plaintiff or create an equipoise, that is to say to render it just as likely that the defendant was not guilty of negligence that proximately caused the accident in this case as that he was."

The evidence shows that the room which the child entered, in addition to being a storage room, was used generally as a dressing room by customers of the store. The room was 65 inches wide and 76 inches in depth. The door was 31 inches wide and opened into the main portion of the store.

We agree with the defendant that the doctrine of *res ipsa loquitur* has no application in this case. In order for the doctrine to apply in a given case, the instrument causing the injury must have been in the exclusive possession of the defendant, and the occurrence must have been of such a nature that it can be said with reasonable certainty that the accident would not have occurred in the absence of negligence on the part of the defendant. It must be further shown that the evidence of the cause of the accident is accessible to the defendant and inaccessible to the injured party. *Beer Distributors, Inc.* v. *Winfree,* 190 Va. 521, 57 S. E. 2d 902.

The mirror causing the injury complained of was stored in this small room, to which customers of the store generally, including in this instance the infant plaintiff, had access as invitees. Thus it is evident that the mirror was not in the exclusive possession of the defendant.

Under the evidence it cannot be said that the infant plaintiff was injured under such circumstances as to compel an inference that his injury would not have occurred absent negligence on the part of the defendant.

The doctrine of *res ipsa loquitur* is not applicable where, on proof of the occurrence, without more, the matter still rests on conjecture alone or the accident is just as reasonably attributable to other causes as to negligence. In other words, if the facts and circumstances of the occurrence tend to give rise to conflicting inferences, one leading to the conclusion of due care and the other to the conclusion of negligence, the doctrine does not apply. *Wilson* v. *Colonial Air Transport*, 278 Mass. 420, 180 N. E. 212, 83 A.L.R. 329; 38 Am. Jur.,

Negligence, § 303, pp. 999, 1000; 65 C.J.S., Negligence, § 220(4), p. 999, *et seq*. We thus conclude that it was error for the court to give Instruction No. P-5.

There was a conflict in the evidence as to where the mirror causing the injury had been placed. The plaintiff's evidence indicates that the unframed mirror had been negligently placed by defendant against the right wall of the room, resting on the waxed floor, unguarded and unprotected, in a place where customers were expected to frequent, and this, plaintiff claims, was the proximate cause of the injury.

On the other hand, defendant denied that the mirror had been placed by him or his employees where plaintiff contended. Stein testified that the mirror had been placed, at his direction, in a safe place, in the center of the back wall of the room, behind a rack of dresses, and was not at the time being used for any purpose; that there was a framed mirror attached to the wall for the use of customers. This was corroborated by other defense witnesses.

Whether the mirror had been negligently placed by the defendant or his employees in an unsafe place where it was likely to cause injury to invitees of the store, or whether it had been placed in a reasonably safe place by the defendant and had been removed to an unsafe place by somone over whom defendant had no control and without defendant's timely knowledge, were questions of fact for the jury to decide.

The basis of this suit was negligence, and the burden of proving negligence was on the plaintiff. The question of defendant's negligence or lack of negligence was a factual matter for the jury.

The judgment is reversed, and the case is remanded for a new trial under proper instructions.

*Reversed and remanded.*