## CIRCUIT COURT OF WISE COUNTY

Lewis Randall Moore

    v.

Payless Supermarket, Inc.

September 15, 1989

Case No. L89-173

By JUDGE JAMES C. ROBERSON

The court has reviewed the pleadings, authorities, and arguments of counsel and overrules the defendant's demurrer for the reasons stated.

### Proceedings

Lewis Randall Moore, plaintiff, filed a motion for judgment on May 19, 1989, against Payless Supermarket, Inc., defendant, seeking damages of $300,000.00. On June 13, 1989, the defendant filed a demurrer. The demurrer was argued on July 18, 1989.

### Issues

1. Does the plaintiff's motion for judgment state a cause of action or allege negligence?
2. Is the doctrine of res ipsa loquitur available to the plaintiff in this case?

### Demurrer

The defendant's demurrer challenges the plaintiff's motion for judgment on the grounds that:

1. The plaintiff has failed to state a cause of action.

2. The plaintiff has failed to allege any act of negligence on the part of the defendant; and

3. The doctrine of res ipsa loquitur is not available to the plaintiff in this case, and for that reason, the case should be dismissed.

A demurrer is a pleading by which the pleader objects to proceeding further because no case in law has been stated on the other side, and because of this, he demands the judgment of the court before he will proceed further. It presents a question of law only, to be decided by the court. It in effect says: Even if we admit all you say to be true, the law affords you no relief in the form sought. Burks' Pleading and Practice § 208 (4th Ed.); 6 Am. Jur., *Demurrer*, § 2. A demurrer questions the sufficiency in law of the pleading to which it is interposed, and this question of law is to be decided by the court. Burks' Pleading and Practice, § 213 (4th Ed.).

The Code of Virginia provides in § 8.01-273:

In any suit in equity or action at law, the contention that a pleading does not state a cause of action or that such pleading fails to state facts upon which the relief can be granted may be made by demurrer.

Rule 1:4(d) of the Rules of Virginia Supreme Court provides:

Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.

Rule 3:16(b) of the Rules of Virginia Supreme Court provides:

An allegation of negligence or contributory negligence is sufficient without specifying the particulars of the negligence.

It is a universally recognized rule that for the purpose of testing the sufficiency in law of the facts stated in a pleading, a demurrer thereto admits or confesses the truth of all properly pleaded facts averred in the pleading attached.[1] A demurrer ordinarily also admits relevant inferences of fact readily deducible therefrom and necessary conclusions of law which follow from facts well pleaded and is a denial of their legal sufficiency to sustain the action or defense. For the purpose of the demurrer, it will be assumed that the theory on which the plaintiff proceeds in his complaint is correct.

In applying the rules of court, statute, and case law to the sufficiency of the plaintiff's pleading to withstand the defendant's demurrer, the court makes the following findings:

## 1. *The plaintiff has stated a cause of action*

The plaintiff alleges in numbered paragraphs an action for alleged tortious act by the defendant toward plaintiff causing personal injuries, pain, disability, loss of earning capacity, and medical bills.

Paragraph 3 alleges that the defendant operates a supermarket open to the general public in Coeburn, Virginia.

Paragraph 5 alleges that on August 15, 1989, plaintiff while entering defendant's store was injured by defendant's door.

Paragraph 6 alleges that the electro-mechanical door was under the exclusive control of the defendant and *"but for some negligent act or omission on the part of defendant, its agents or employees, the door would have remained open* for a sufficient length of time to have permitted the plaintiff to go through it, and the door would not have suddenly closed and struck plaintiff." (emphasis added)

Paragraph 7 of the plaintiff's motion for judgment states:

---

[1] 61 Am. Jur. 2d, Pleadings, sect. 273; see Bowman v. State Bank, 229 Va. 534, 331 S.E.2d 797 (1985); Duggin v. Adams, 234 Va. 221, 360 S.E.2d 832 (1987).

> By reason of the foregoing facts, plaintiff is entitled *to* rely herein upon the doctrine of res ipsa loquitur. *The sudden closing of the door was the result entirely of defendant's negligence* and as a direct and proximate result of such *negligence*, plaintiff sustained the following injuries . . . (emphasis added)

It is not necessary for plaintiff to allege a particular act of negligence. The general allegation of negligence is sufficient. Rule 3:16(b).

Since the plaintiff has alleged sufficient facts and alleged negligence by the defendant, the plaintiff has clearly stated a cause of action.

## 2. *The plaintiff has alleged an act of negligence on the part of the defendant*

In paragraph 6 of the plaintiff's motion for judgment, he alleges: "negligent act or omission on the part of the defendant . . ."

In paragraph 7 of the plaintiff's motion for judgment, he alleges: "The sudden closing of the door was the result entirely of defendant's *negligence*, and as a direct and proximate result of such *negligence*, plaintiff sustained . . . injuries . . . ." (emphasis added)

Plaintiff's allegations of negligence obviously satisfies Rule 3:16(b) of the Rules of Virginia Supreme Court that "an allegation of negligence or contributory negligence is sufficient without specifying the particulars of the negligence." Therefore, plaintiff has clearly alleged an act of negligence on the part of the defendant.

### *Res Ipsa Loquitur*

The defendant's demurrer states that the doctrine of res ipsa loquitur is not available to the plaintiff in this case, and for that reason, the case should be dismissed.

If the only actionable allegation in the plaintiff's motion for judgment were that the defendant is liable to the plaintiff for injuries because "plaintiff is entitled to rely herein upon the doctrine of res ipsa loquitur,"

then the defendant's position would be tenable and the demurrer would be sustained. However, as previously shown, the plaintiff has additionally and separately alleged that the defendant was negligent.

The doctrine of res ipsa loquitur, which means literally that the thing or the transaction speaks for itself, is not a rule of substantive law nor a rule of pleading, but is usually described as a rule of evidence. 58 Am. Jur. 2d, *Negligence*, § 513. The Supreme Court of Virginia explains in *Easterling v. Walton*, 208 Va. 214, 156 S.E.2d 787, 790 (1967), that:

> The doctrine of res ipsa loquitur is an evidential presumption, not to be invoked to overcome evidence, but to be applied in its absence." *Chesapeake & O. Ry. Co. v. Tanner*, 165 Va. 406, 420, 182 S.E. 239, 245 (1935); *Norfolk Coca-Cola Wks. v. Krausse*, 162 Va. 107, 115, 173 S.E. 497, 499 (1934).
>
> The application of the doctrine, however, does not relieve the plaintiff of the burden of proof to establish defendant's negligence. *Virginia Elec. & P. Co. v. Lowry*, 166 Va. 207, 218, 184 S.E. 177, 181 (1936).
>
> In *Hines, Director General v. Beard*, 130 Va. 286, 293-294, 107 S.E. 717, 719 (1921); and *Danville Com. Hospital v. Thompson*, supra, 186 Va. at 759-760, 43 S.E.2d at 887, 173 A.L.R. at 532, this court quoted with approval from the oft-quoted case of *Sweeney v. Erving*, 228 U.S. 233, 240, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905, the following:
>
> "In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence, where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res

ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

In *The Law of Evidence in Virginia*, 3rd Edition, Charles E. Friend (1988), the author discusses whether the doctrine of res ipsa loquitur is properly categorized as a presumption. He states in § 104, res ipsa loquitur, page 296-297:

Far more frequently, it is stated that *res ipsa* shifts the burden of going forward with the evidence. While some states have taken this view, it also appears to be incorrect. *Res ipsa* is not a true presumption. When applicable, it merely permits an inference of negligence. It does not compel a finding of negligence in the absence of contrary evidence. Thus, if the plaintiff makes out a *res ipsa* case and the defendant produces no evidence of due care, the case should still go to the jury, which can then draw the inference.

If this approach is followed by the courts, much of the confusion which has accompanied the application of the doctrine will be avoided in the future.

*Res ipsa* is not a presumption. It is a doctrine which, in certain cases, *permits an inference* of negligence. It should be given no other effect.

In *Stein v. Powell*, 203 Va. 423, 124 S.E.2d 889 (1962), the Supreme Court of Virginia held that in order for the doctrine of res ipsa loquitur to apply in a given case:

1. The instrument causing the injury must have been in the exclusive possession of the defendant, and

2. The occurrence must have been of such a nature that it can be said with reasonable certainty that the accident would not have occurred in the absence of negligence on the part of the defendant.

3. It must be further shown that the *evidence* of the cause of the accident is accessible to the defendant and inaccessible to the injured party. (Emphasis added).

The Supreme Court of Virginia in the *Stein* case further states that:

> The doctrine of *res ipsa loquitur* is not applicable where *on proof* of the occurrence, without more, the matter still rests on conjecture alone or the accident is just as reasonably attributable to other causes as to negligence. In other words, if the *facts and circumstances* of the occurrence tend to give rise to conflicting inferences, one leading to the conclusion of due care and the other to the conclusion of negligence, the doctrine does not apply. *Stein v. Powell*, 203 Va. 423, 124 S.E.2d 889 (1962). (Emphasis added.)

It is readily apparent that whether the doctrine of res ipsa loquitur is applicable depends on the *facts* and *evidence* and not on the pleadings. The plaintiff has placed the defendant on notice that he will rely on the doctrine of *res ipsa loquitur*. This court cannot rule as a matter of law at the pleading stage whether the doctrine of res ipsa loquitur will be appropriate and applicable to the plaintiff's case. The facts, not the pleadings, determine the applicability of the doctrine of res ipsa loquitur.

Assuming, arguendo, that to withstand a demurrer, the plaintiff's motion for judgment must allege an appropriate factual situation, which if sustained by the evidence, would make the doctrine of res ipsa loquitur available, then the plaintiff has sustained that burden by his pleading.

In the case of *White v. Sears, Roebuck & Co.*, 242 F.2d 821 (4th Cir. 1957), the Fourth Circuit Court of Appeals in interpreting Virginia law, considered the application of *res ipsa loquitur* to injuries resulting from mechanical malfunction on the premises of a defendant's store. Although the decision held that the doctrine does not apply where there is an injury on an escalator due to a customer slipping on a foreign substance, the court also stated:

Under the authorities, it is abundantly clear that the doctrine of res ipsa loquitur in Virginia and elsewhere applies in escalator cases where injury is caused by mechanical failure because, in that instance, the store would be in a better position to explain the occurrence.

A mechanical failure of an escalator is certainly analogous to the mechanical failure of an electro-mechanical door.

Accordingly, in view of *Light* and applying the three elements set forth in *Easterling v. Walton, supra,* to the pleadings in the case at bar, the court can easily find that the allegations in the motion for judgment allege a factual situation (which is subsequently sustained by the evidence) would justify invoking the doctrine of res ipsa loquitur since the pleadings show:

1. The electro-mechanical doors which caused the injury to plaintiff were located on the defendant's premises and in the exclusive possession of the defendant (paragraphs 4, 5, and 6, motion for judgment).

2. The malfunction of the electro-mechanical door and injury to plaintiff was of such a nature that it can be said with reasonable certainty the accident would not have occurred in the absence of negligence on the part of the defendant (paragraph 6, motion for judgment).

3. Evidence of the cause of the accident is accessible to the defendant and inaccessible to the injured plaintiff, since the defendant had exclusive control of the electro-mechanical door and the plaintiff merely started to walk through the door without in any manner operating the door (paragraphs 4 to 7, motion for judgment).

The court is not required at the demurrer stage of the pleadings to determine if the doctrine of *res ipsa loquitur* is available to the plaintiff in this case. The evidence and not the pleadings will determine the applicability of res ipsa loquitur.

Since the plaintiff has alleged negligence, stated a cause of action, and stated facts upon which relief can be granted, the defendant's demurrer is overruled.