# CIRCUIT COURT OF WISE COUNTY

Fred Ellis

    v.

Walter H. Whitt, III,
d/b/a Whitt Motor Co.

February 2, 2005

Case No. L03-252

BY JUDGE JOHN C. KILGORE

According to the Amended Motion for Judgment, the plaintiff in this case, Fred Ellis, was a customer of the defendant, Whitt Motor Company. On September 2, 2002, Mr. Ellis was in the Whitt Motor Company body shop waiting room while his truck was being repaired. While waiting on Whitt Motor Company premises, a cat climbed onto Mr. Ellis' lap, without invitation. The cat then bit Mr. Ellis on his middle finger (right hand) and scratched his right leg. Authorities were unable to confirm the rabies vaccination status of the cat. Therefore, Mr. Ellis has undergone a series of rabies vaccinations and incurred expenses for his medical treatment.

Mr. Ellis claims damages in a two-count Motion for Judgment against Whitt Motor Company for negligence *per se* alleging a violation of Virginia Code § 3.1-796.7, by failing to have the cat vaccinated for rabies, and in, Count II, alleging common law negligence on the part of Whitt Motor Company employees by feeding or boarding stray cats on the Whitt Motor Company premises. Whitt Motor Company has demurred to both counts.

A demurrer "tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252 (1993). As a pleading, the demurrer objects to proceeding further because no case in law or no action upon which relief can be granted has been stated by the opposing party. It is concurrently an admission of all facts properly pleaded by the plaintiff and an assertion that said facts are insufficient to state a legally valid cause of action. Virginia Code § 8.01-273.

Having reviewed the pleadings, briefs, authorities, and arguments of counsel, the Court overrules the defendant's demurrer as to Count I and sustains the defendant's demurrer as to Count II. The Court's decision is based upon the findings of fact and conclusions of law that follow.

Count I of the plaintiff's Amended Motion for Judgment states a valid cause of action under the theory of negligence *per se*. While the requirements for establishing an action based upon negligence *per se* are well settled, the application of the theory to the facts at hand is not as obvious. To establish a negligence *per se* action, a plaintiff must prove (1) the defendant violated a statute enacted for the public safety, (2) the defendant belongs to the class of persons for whose benefit the statute was enacted, and (3) the statutory violation by the plaintiff was a proximate cause of the defendant's injuries. *Robinson v. Matt Mary Moran, Inc.*, 259 Va. 412, 418, 525 S.E.2d 559 (2000).

The Amended Motion for Judgment alleges that Whitt Motor Company employees, acting within the scope of their employment, were the owners or custodians of the offending cat, and as such were under a statutory duty, pursuant to Virginia Code § 3.1-796.97, to have this cat vaccinated against the rabies virus. The pleading further alleges that these employees failed to have the cat vaccinated, thereby violating the statute and breaching their duty of reasonable care owed to Mr. Ellis, the plaintiff. Finally, the pleading alleges that, after being bitten and scratched by the cat, Mr. Ellis was forced to endure painful rabies vaccination shots and he incurred medical expenses and other losses proximately caused by the failure of defendant's employees to vaccinate the cat.

Stated simply, Count I presents the question of whether an owner or custodian of a domestic dog or cat may be held liable for injuries to others which are proximately caused by the failure to vaccinate against rabies as required by Virginia Code § 3.1-796.97. Surprisingly, this appears to be a case of first impression on this issue in Virginia.

By demurrer, defendant contends that Mr. Ellis does not fall within the class of citizens that the vaccination statute was designed to protect. Defendant argues that Virginia Code § 3.1-796.97 creates no cause of action for the plaintiff, but can at most define a standard of care, there being no common law duty to vaccinate against rabies. I disagree with both contentions. First, the Court finds that Virginia Code § 3.1-796.97 is unquestionably a public safety statute at least partially aimed at protecting humans against rabies. In *Stout v. Bartholomew*, 261 Va. 547, 544 S.E.2d 653 (2001), the court addressed an analogous situation in deciding a negligence *per se* claim based upon Arlington County Code § 2-6 requiring dogs to "be kept secured ... and under control of the owner ... or within the property limits of the owners." *Id.* at 555.

In *Stout*, the court instructed that such an ordinance must be construed in conjunction with other ordinances having the same purpose. *Id.* at 555, citing *Prillman v. Commonwealth*, 199 Va. 401, 405, 100 S.E.2d 4, 7 (1957). A review of Virginia Code § 3.1-796.84, *et seq.*, Article 4, dealing with authorities of local governing bodies and licensing of dogs, finds that the enabling statute permitting Arlington to adopt the ordinance at issue in *Stout* is found at § 3.1-796.93 in the same Article 4 which contains § 3.1-796.97, the vaccination statute at issue here. In short, Article 4 sets forth numerous provisions in a statutory scheme intended to address dangers associated with rabid or uncontrolled animals. The purpose of § 3.1-796.97 is to protect the public against the hazards created by animals running at large, including rabies infection. (This finding is consistent with the holding in *Stout*, as well as *Butler v. Frieden*, 208 Va. 352, 158 S.E.2d 121 (1967). In both of these cases, the court found a theory of negligence *per se* was supported by violation of ordinances concerning dogs running at large.) Mr. Ellis, as a member of the public, is within the class that the statute seeks to protect.

Secondly, Whitt Motor Company contends that there is no common law duty to vaccinate and, therefore, § 3.1-796.97 cannot be the basis for a cause of action in this case. Without deciding whether there exists at common law a duty to vaccinate domesticated animals, the Court finds that § 3.1-796.97, and indeed the entirety of Article 4, is predicated on the common law duty of animal owners to use reasonable care to protect the public from foreseeable dangers associated with such animals.

In *Butler*, the court reasoned that, by adopting legislation addressing dogs running at large, Virginia has adopted the requirements of a legislative enactment as the standard of conduct of a reasonable man. *Butler*, 208 Va. 352, 353-54 (citing *Moore v. Virginia Transit Co.*, 188 Va. 493, 497-98 (1948)). The same reasoning controls in this case and requires the Court to find that owners of domesticated animals who fail to have such animals vaccinated against rabies breach the common law duty of exercising the ordinary care of a reasonable man to protect the public from injuries, including those complained of here, which might be foreseeably inflicted by his pet.

Such owners, therefore, are subject to civil liability for breach of that duty if the breach results in a member of the public being required to undergo vaccinations for rabies, which the Court finds to be a reasonably foreseeable harm. Thus, as in *Butler*, § 3.1-796.97 does not create a cause of action against a pet owner, but rather, the statute provides a standard for determining whether the pet owner has met the duty of ordinary care required to protect the public from foreseeable harms. Whitt Motor Company's demurrer as to Count I is overruled.

Pleading in the alternative, Mr. Ellis alleges in Court II that Whitt Motor Company employees, again acting within the scope of their employment, took actions to attract stray cats into the waiting room. Mr. Ellis alleges that such actions negligently subjected him and other invitees to an unreasonable and unnecessary risk of being injured and possibly infected with rabies or other diseases. Mr. Ellis also alleges these negligent actions proximately caused the cat bite and attendant rabies vaccinations.

Whether a claim such as this is based upon premises liability or the common law negligence of an owner, a plaintiff is required to plead and prove notice of the dangerous propensities of the animal. Business owners owe a duty to exercise ordinary care to keep in a reasonably safe condition the entire premises in which customers may be reasonably expected to visit. See *Stein v. Powell*, 203 Va. 423, 425 (1962). But for liability to attach to a business owner, such owner must possess knowledge, either actual or constructive, of the danger or defect present on the property that caused the injury. *Roll 'R' Way Rinks, Inc. v. Smith*, 218, Va. 321 (1977).

Owners of domesticated animals have a common law duty to exercise ordinary care to prevent such animals from injuring others. *Stout*, 261 Va. 547 (2001). Likewise, owners of domestic animals are required to take notice of the general propensities of the class of their pet as well as any dangerous propensities of individual animals of which the owner has knowledge or is put on notice. *Perrin v. Chappell*, 198 Va. 861, 865 (1957).

In order to state a cause of action under either theory, a plaintiff such as Mr. Ellis, is required to both plead and prove that Whitt Motor Company, or its employees acting within the scope of their employment, knew of this cat's dangerous propensities prior to the incident involving Mr. Ellis. As Mr. Ellis has failed to allege an element, that being notice, which must be proven in order for him to prevail, the Court finds that Count II of the Motion for Judgment fails to state a cause of action. Therefore, the Court sustains defendant's demurrer as to Count II of the Motion for Judgment.