THE STATE, ARMEINA SMITH, PROSECUTRIX, v. JOHN S. DONOHUE.

1. If an animal having no natural propensity to be vicious commits an injury to the person of another, the owner is not liable, unless he had previous knowledge of the vicious disposition.
2. The fact that the owner of a dog permitted him to be at large on the highway when he inflicted the injury sued for, will not make the owner liable, without proof of the *scienter*.

On *certiorari*.

Smith v. Donohue.

Argued at February Term, 1887, before Justices VAN SYCKEL, MAGIE and PARKER.

For the plaintiff, *J. W. & J. K. Field.*

For the defendant, *C. F. Lighthipe.*

The opinion of the court was delivered by

VAN SYCKEL, J. In July, 1885, the plaintiff, while walking in the public street in front of the defendant's premises, was bitten by the defendant's dog, which was lying unmuzzled on the sidewalk. The night being dark, the plaintiff did not see the dog until he sprang upon her and bit her.

It also appears that a city ordinance prohibited the running at large of dogs in the street at any time without a muzzle.

The plaintiff insists that the dog, lying upon the sidewalk in violation of the city ordinance, must be regarded as a nuisance, and that therefore the owner is liable for any injury done by him.

Under the authority of *Durant* v. *Palmer*, 5 *Dutcher* 544, it may be that if the plaintiff, while on her way in the public street, had unavoidably fallen over the dog and injured herself, the owner of the dog would be liable in damages for such injury. But whether he is liable for damage inflicted by the biting of the dog must depend, I think, upon the existence of the necessity of proving the *scienter*. The fact that the defendant acted in breach of the city ordinance subjects him only to the penalty prescribed therefor ; it is not a circumstance upon which recovery in this suit can be supported.

The only question in the case is whether this suit will lie without proof that the defendant had knowledge of the vicious propensity of the dog. The rule has generally prevailed in the English courts that if an animal, having no natural propensity to be vicious, commits an injury, the owner is not liable, unless he has knowledge of his disposition.

In *Mason* v. *Keeling*, 12 *Mod.* 332, Lord Holt said that the law takes notice that a dog is not of fierce nature, but

rather the contrary, and he therefore sustained the demurrer to the plaintiff's declaration because it did not allege the *scienter*.

In *Beck* v. *Dyson*, 4 *Camp.* 198, Lord Ellenborough directed a nonsuit, because the evidence was not sufficient to warrant the jury in inferring that the defendant knew the dog was accustomed to bite.

In a like case, Lord Abinger nonsuited because it did not. appear that the owner had knowledge of the vicious propensity of his dog. *Hogan* v. *Sharpe*, 7 *Car.* & *P.* 755.

In *Buxentine* v. *Sharp*, 3 *Salk.* 12, the reporter says : " The plaintiff declared that the defendant kept a bull, which used to run at men, but did not say *sciens* or *scienter ;* and this. was adjudged ill after a verdict, because the action will not lie unless the owner knew the quality of his bull, and it cannot be intended that this was proved at the trial, because the plaintiff is not bound to prove more than is laid in his declaration."

*Cox* v. *Burbridge*, 13 *C. B.* (*N. S.*) 430, was a case where the defendant's horse, being on the highway, kicked the plaintiff, a child playing there. There was no evidence to show how the horse came on the highway, or that he was accustomed to kick. The plaintiff obtained a verdict, whereupon the defendant was granted a rule *nisi* to enter a nonsuit. Chief Justice Earle, with whom all the judges agreed, said : " Even if there was no negligence on the part of the owner of the horse, I do not see how that is at all connected with the damage of which the plaintiff complains. It appears that the horse was in the highway, and that without anything to account for it he struck out and injured the plaintiff. I take the well-known distinction to apply here that the owner of an animal is answerable for any damage done by it, provided it be of such a nature as is likely to arise from such animal, and the owner knows it. Thus, in the case of a dog, if he bites a man or worries sheep, and his owner knows he is accustomed to bite men or to worry sheep, the owner is responsible ; but the party injured has no remedy unless the *scienter* can be proved. This is very familiar doctrine. The owner of a horse

must be taken to know that a horse will stray, if not properly secured, and may find its way into his neighbor's corn or pasture. For a trespass of that kind, the owner is of course responsible. But if a horse does something which his owner has no reason to expect him to do, he has the same sort of protection that the owner of a dog has."

In *Jackson* v. *Smithson*, 15 *M. & W.* 563, where a ram butted the plaintiff's wife in the street, the Court of Exchequer refused to hold the owner of the animal liable, in the absence of evidence that he was aware of its propensity to attack passers-by.

In *Hudson* v. *Roberts*, 6 *Exch.* 697, Pollock, C. B., said that there must be some evidence of *scienter* to sustain an action for injury done by a bull while being driven along the highway.

. The case of *Angus* v. *Radin*, 2 *South.* 816, holds the owner of cattle to a stricter accountability for damages done by them than the English cases establish. In that case, the defendant's oxen broke the plaintiff's close and killed his cow, and the owner of the oxen was held liable, without proving the *scienter*, on the ground that he was responsible for the entire injury committed by his cattle while trespassing upon the plaintiff's premises.

*Coxe* v. *Robbins*, 4 *Halst.* 384, requires every man, at his peril, to keep his cattle on his own close, and makes him answerable for any injury they may do by straying, without his knowledge, upon the lands of another.

But I have found no case where the owner of a dog has been held in an action of trespass where his dog went upon the premises of another without his consent.

*Beckwith* v. *Shordike*, 4 *Burr.* 2092, was placed upon the express ground that the defendant was himself a trespasser with his dog in the plaintiff's close, at the time the damage was done, so that the jury had a right to find that the act of the dog was the voluntary trespass of the master.

*Cooley on Torts*, p. 34, draws a distinction between dogs, and beasts which subsist on grass and grain. If the latter

break into enclosures, they may do serious mischief, and therefore if not restrained by the owner, he must respond for the damages that ensue.

No action has been maintained in this state against the owner of a dog for killing sheep upon the land of another unless the *scienter* was shown.

Mr. Chitty, in his first volume on Pleading, page 182, says that the owner of a dog is not liable unless he has notice of his vicious propensity, but if the animal were naturally of the propensity to do the mischief complained of, as horses and cattle to trespass on land, the owner is liable without alleging the *scienter*.

The forms of pleading in the books of precedents are all in accordance with this text.

The practice has so long and so universally prevailed of permitting dogs to run at large in our streets and highways, without holding the owner liable for any injury, which he had no reason to believe they would commit, that it would justly create great surprise to maintain such a cause of. action now. In my opinion the action will not lie without proof of the *scienter*.    The judgment below should be affirmed.

On account of engagements in the Circuit, Mr. Justice Parker took no part in the decision of this case.