# Richmond

ROBERT T. BUTLER ET AL. v. CATHY SUE FRIEDEN, AN INFANT, ETC.

December 4, 1967.

Record No. 6485.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson and Gordon, JJ.

*William C. Walker* (*James A. Howard*; *Breeden, Howard & Mac-Millan*, on brief), for plaintiffs in error.

*Eli S. Chovitz* (*Albert C. Selkin*; *Steingold, Steingold & Chovitz*, on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

The four-year-old plaintiff, Cathy Sue Frieden, sustained injuries when she was attacked on a public sidewalk in the City of Norfolk by an unattended and unleashed collie dog named Laddie. A Norfolk ordinance subjects an owner to a fine if his dog "shall go at large upon

any public street . . . of the city, unless such dog is accompanied by an attendant or held in leash by a responsible person".[1] Relying upon that ordinance, Cathy (by her next friend) brought this action against Laddie's owners, Robert T. and Edith Butler, to recover damages for her personal injuries.

The trial court instructed the jury that the defendants' violation of the Norfolk ordinance constituted negligence, and that the jury should return a verdict for the plaintiff, Cathy, if it believed such negligence proximately caused or contributed to her injuries. The jury returned a $1,500 verdict for the plaintiff, upon which the court entered judgment. The defendants appeal, contending the court erred in instructing the jury that violation of the ordinance constituted negligence.

[1] Under Virginia law violation of a statute or ordinance constitutes negligence *per se*. See *Gough* v. *Shaner, Adm'r*, 197 Va. 572, 576, 90 S.E.2d 171, 174 (1955); *Standard Oil Co.* v. *Roberts*, 130 Va. 532, 107 S.E. 838 (1921). So Virginia has adopted the requirements of a legislative enactment as the standard of conduct of a reasonable man. See *Moore* v. *Virginia Transit Co.*, 188 Va. 493, 497-98, 50 S.E.2d 268, 271 (1948). See generally *Restatement (Second) of Torts* §§ 286, 288B (1965). But failure to comply with the requirements of a legislative enactment does not constitute actionable negligence unless the injured person is a member of a class for whose benefit the legislation was enacted. *Smith* v. *Virginia Transit Co.*, 206 Va. 951, 957, 147 S.E.2d 110, 114-15 (1966).

Since the defendants' violation of the Norfolk ordinance is not con-

---

1. "Sec. 5-27. Dogs at large generally; impounding.

"If any dog shall go at large upon any public street or alley of the city, unless such dog is accompanied by an attendant or held in leash by a responsible person, the owner or person in control of such dog shall, upon conviction thereof, be fined not less than five dollars nor more than twenty-five dollars.

"It shall be the duty of the bureau of animal control to catch and pen all dogs found upon any street or alley of the city, unless such dog is accompanied by an attendant or held in leash by a responsible person.

"Every such dog shall be penned for forty-eight hours from the time of capture, during which time it may be redeemed by the owner paying to the city the sum of five dollars for the first twenty-four hours or any part thereof that such dog is penned and one dollar per day thereafter to cover the cost of maintaining a pen for such dog, and of the care and keep of such dog.

"If any dog is caught and penned as above provided, it shall be the duty of the bureau of animal control, if the address of the owner is known, to notify such owner thereof, within the period of forty-eight hours. If such dog is not redeemed within such period of forty-eight hours, such dog shall be killed and disposed of under the direction of the superintendent of animal control."

troverted, the single issue presented on this appeal is whether the ordinance was designed to protect the public from personal injuries inflicted by dogs. If so, the trial court did not err in its instruction to the jury or in entering judgment on the verdict for the plaintiff.

[2] Defendants' counsel says that the Norfolk ordinance is penal in nature and was designed to aid the city in resolving "the problems caused by strays, both to motorists and horticulturists". In our opinion counsel reads the ordinance too narrowly. While we must construe a penal ordinance strictly, we must at the same time avoid an interpretation that would impair the purpose of the ordinance. *Gough* v. *Shaner, Adm'r*, 197 Va. 572, 575, 90 S.E.2d 171, 174 (1955).

The purpose of the ordinance, as we read it, it to protect the public against hazards created by dogs running at large, including the most obvious hazard, dog-bite. Persons such as Cathy Sue Frieden, who might be bitten by dogs running at large, were therefore within the class intended to be protected by the ordinance.[2]

[3] In addition to arguing that the Norfolk ordinance was designed to aid the city, defendants' counsel argues that the city council did not intend that violation of the ordinance, which does not mention civil liability, should give rise to civil liability. Counsel relies primarily on *Johnson* v. *Bell*, 202 Va. 274, 117 S.E.2d 85 (1960), which involved a city ordinance requiring abutting landowners to clear public sidewalks of accumulated snow and ice.

Johnson, who was injured when she slipped and fell on the snow and ice that had accumulated on a public sidewalk, sued the landowner who had violated the ordinance by failing to remove the snow and ice. We held that the ordinance was enacted for the benefit of the city and therefore, Johnson was not within the class for whose benefit or protection the ordinance was enacted.

Before the passage of the ordinance involved in the *Johnson* case, the city, and not the landowner, was responsible for removing snow and ice from its sidewalks and was subject to liability if it breached its duty of exercising ordinary care to keep the sidewalks safe for use by the public. The ordinance shifted to the abutting landowner the responsibility for removing snow and ice, but did not relieve the city from liability for breach of its duty. *Id.* at 277, 117 S.E.2d at 88.

---

2. For similar interpretations of dog-control statutes or ordinances, see *Brotemarkle* v. *Snyder*, 99 Cal.App.2d 388, 221 P.2d 992 (1950); *Duffy* v. *Gebhart*, 52 Del. 312, 157 A.2d 585 (1960); *Alex* v. *Armstrong*, 215 Tenn. 276, 385 S.W.2d 110 (1964). *Contra*, *State ex rel. Smith* v. *Donohue*, 49 N.J.L. 548, 10 Atl. 150 (1887).

The purpose of the ordinance, as we interpreted it, was to require the abutting landowner to remove snow and ice, not to impose upon him civil liability for the breach of a duty owed by the city.

In contrast the dog-owner, and not the city, had the common law duty of exercising ordinary care to protect other persons from injuries that might be inflicted by his dog and was subject to civil liability for breach of that duty. The Norfolk ordinance does not, therefore, create a cause of action against the dog-owner. Rather, the ordinance supplies a standard for determining whether the dog owner has exercised his duty of ordinary care.

Before passage of the Norfolk ordinance, the defendants' failure to have Laddie attended or leashed would not have constituted a breach of their duty to Cathy because, as conceded by plaintiff's counsel, the defendants had no reason to believe Laddie would inflict injuries if allowed to go at large. See *Restatement of Torts* § 518, Comment j (1938). But in view of the standard supplied by the Norfolk ordinance, the defendants breached their duty to Cathy by permitting Laddie to go at large on a public street, unattended and unleashed. See *Restatement (Second) of Torts* §§ 286, 288B (1965).

We found in the *Johnson* ordinance no intention to impose upon landowners civil liability for injuries sustained on public property. Our interpretation of the ordinance in this case is not inconsistent with the *Johnson* case because we have interpreted this ordinance not as imposing civil liability, but as supplying a new standard for determining whether the defendants performed their common law duty of ordinary care.

*Affirmed.*