## Richmond

NATHAN C. FARRISH v. THOMAS E. VANFOSSEN, ET AL.

April 24, 1972.

Record No. 7693.

Present, All the Justices.

*Wayt B. Timberlake, Jr. (Timberlake, Smith, Thomas & Moses, on brief), for plaintiff in error.*

*Harrison S. Dey, Jr. (Baylor, Rhea, Wray, Wray & Dey, on brief), for defendants in error.*

GORDON, J., delivered the opinion of the court.

Thomas E. and Juanita T. VanFossen (collectively called "Van-Fossen") brought this action against Nathan C. Farrish to recover the property damages inflicted when Farrish's truck crashed into the VanFossen home. The trial judge, sitting without a jury, found for VanFossen and entered judgment against Farrish for the damages inflicted. On this appeal by Farrish, the sole question is whether the evidence supports the judgment.

On the day of the accident, Wayne Farrish, Nathan C. Farrish's son and employee, was operating a truck that was hauling a lowboy carrying a backhoe. Defendant Nathan C. Farrish was in another vehicle following his son.

Between 11:30 a.m. and noon, Wayne Farrish parked the truck on the left side of a public highway or street near VanFossen's home.

The downgrade where the truck was parked was 18 degrees, and within 60 feet the downgrade increased to 30 degrees. The truck, lowboy and backhoe weighed over fifteen tons.

Wayne Farrish testified that he set the hand brake and put the truck in low gear, but he did not know whether he turned the wheels. His father testified that the front wheels of the truck were parallel to a fence that ran along the highway.

Defendant Nathan C. Farrish parked his vehicle near the truck, and he and his son went into a nearby welding shop. They stayed there about half an hour and then rode to a restaurant in the vehicle driven by Nathan C. Farrish. While in the restaurant at about 1:00 p.m., Farrish was advised that the truck had rolled down the highway and had crashed into VanFossen's home.

When the truck was inspected after the accident, its hand brake and gears were disengaged.

Code § 46.1-281 provides:

> "No person having control or charge of a motor vehicle shall allow such vehicle to stand on any highway unattended without first effectively setting the hand brake thereon, stopping the motor and *turning the front wheels into the curb or side of the highway.*" (Emphasis supplied.) Va. Code Ann. § 46.1-281 (1967).

And Code § 46.1-1(10) defines "highway" to include any street open to the public for vehicular travel. So Wayne Farrish violated Code § 46.1-281 when he parked his father's truck on the public highway or street near VanFossen's home without turning the wheels to the left.

By requiring that wheels be turned toward the curb or side of a highway, Code § 46.1-281 intends to prevent or minimize the rolling of parked vehicles. The class of persons designed to be protected by the statute therefore includes those persons whose property may be damaged by rolling vehicles. VanFossen being within that class, Farrish's violation of the statute constitutes negligence per se in this action. *See Butler* v. *Frieden,* 208 Va. 352, 158 S.E.2d 121 (1967); *Hamilton* v. *Glemming,* 187 Va. 309, 315-16, 46 S.E.2d 438, 441-42 (1948).

Counsel for Farrish contends that even if Farrish's violation of the statute constitutes negligence, such negligence was not a proximate cause of the accident. "[I]t is inescapable", argues counsel, "that

some other person released the brakes and gear and caused the truck to drift down the hill".

If reasonable men may differ whether a negligent act was a proximate or efficiently contributing cause of an accident, the trier of fact should determine the issue. *See Smith* v. *New Dixie Lines*, 201 Va. 466, 470, 111 S.E.2d 434, 437 (1959). In this case, the judge as the trier of fact could have reasonably concluded from the evidence that whether or not the brakes and gears on the truck were engaged, the truck would have remained stationary if its wheels had been turned. He was therefore justified in concluding that the failure to turn the wheels was an efficiently contributing cause of the accident.

*Affirmed.*