## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

James M. C. Bonavita

v.

George A. Moore et al.

April 15, 1981

Case No. (Law) L-9501

By JUDGE BERNARD G. BARROW

This matter is on a Demurrer filed by the defendants, George A. Moore and Green Run Inn, Inc. I have concluded that the Demurrer should be sustained.

The Motion for Judgment recites that the plaintiff is a police officer who was on duty on December 1, 1979, when he observed one of the defendants, William D. Partin, and another person, George Partin, engaged in a physical fight outside of the Green Run Restaurant and Lounge in Virginia Beach. He attempted to separate the combatants and was allegedly assaulted by five of the individual defendants. As a result he contends that he suffered a broken leg and bruises.

The Motion for Judgment asserts that the defendant Moore was the principal stockholder and operator of the defendant, Green Run Inn, Inc., t/a Green Run Restaurant and Lounge. The defendants Moore and Green Run Inn, Inc., are alleged to have allowed the other individual defendants to enter the premises of the restaurant and consume alcoholic beverages to an excess rendering them intoxicated in violation of the laws of the Commonwealth of Virginia. Therefore, the Motion for Judgment concludes that the defendants Moore and the Green Run Inn, Inc., should be liable for the damages the plaintiff suffered.

Neither the Virginia Supreme Court nor the Legislature has expressly addressed the issue raised by the

defendant's Demurrer. However, at common law it was not a tort to sell alcoholic beverages and no cause of action existed allowing someone who had been injured by an intoxicated person to recover damages for an injury from a third person who had furnished the alcoholic beverages. 45 Am. Jur. 2d, *Intoxicating Liquor*, § 553 (1969). The legislatures of some states have enacted statutes providing such a right of action. *Id.* at § 561.

In addition the Courts of some jurisdictions have found liability for personal injury to exist where one sells an intoxicant in violation of a statute prohibiting the sale under certain circumstances. Annot., 97 A.L.R.3d 528 (1980). The theory underlying the result in these cases is that the unexcused violation of a statutory prescription of a standard of conduct is negligence *per se* or evidence of negligence to be weighed by a jury or other fact finder. See *Marusa v. District of Columbia*, 484 F.2d 828 (D.C. Cir. 1973).

The sale of alcoholic beverages to one who is intoxicated is a violation of a criminal statute in Virginia. Va. Code Ann. § 4-62 (1979). Does the violation of this statutory prohibition give rise to a cause of action for damages to a third person who is deliberately injured by the person who purchased the alcoholic beverages?

In Virginia violation of a statutory duty by an adult is negligence *per se. Gough v. Shaner*, 197 Va. 572 (1955). The application of this rule has not been limited in Virginia to highway safety statutes in automobile personal injury actions. See *Butler v. Frieden*, 208 Va. 352 (1967) (City Ordinance prohibiting dogs as large); *McClanahan v. California Spray Chemical Corp.*, 194 Va. 842 (1953) (State Law requiring warning on fungicide spray); *Edwards v. Laurel Branch Coal Co.*, 113 Va. 534 (1922) (mining laws); *Standard Red Cedar Chest Co., Inc. v. Monroe*, 125 Va. 442 (1919) (child labor laws); and *Southern Railway Co. v. Cooper*, 98 Va. 299 (1900) (law requiring train whistle at crossing).

Even though a statute requiring a standard of behavior may create a new standard for determining whether a person has performed his or her common law duty of ordinary care, the adoption of such a statute does not create a new cause of action or impose new civil liability. *Butler v. Frieden*, 208 Va. 352 (1967); *Johnson v. J. S. Bell, Jr. & Co., Inc.*, 202 Va. 274 (1960).

In *Johnson* v. *J. S. Bell, Jr. & Co., Inc., supra,* an ordinance requiring abutting property owners to remove snow from a sidewalk was found to be enacted for the benefit of the municipality. The municipality had a primary duty to exercise reasonable care in keeping its streets and sidewalks in a reasonably safe condition for travel by the public. By enacting the ordinance the municipality did not relieve itself of this duty and, thus, no civil liability was imposed on the adjacent property owner for injury sustained by a third person because of its violation. *Id.* at 277.

However, in *Butler* v. *Frieden, supra,* violation of a municipal ordinance prohibiting a dog owner to allow a dog to run at large was negligence *per se.* The Court recognized that at common law the dog owner had a duty to exercise ordinary care to protect other persons from injuries that might be inflicted by his or her dog and would be liable for a breach of that duty. Therefore, it held that the municipal ordinance did not create a new cause of action against the dog owner; instead, it supplied a standard for determining whether the dog owner had exercised his or her already existing duty of ordinary care. *Butler* v. *Frieden, supra,* at 355.

Green Run Inn, Inc., has by virtue of common law certain duties to those to whom it sells alcoholic beverages. These duties may arise as a result of its role as an innkeeper or as a vendor.

In addition the common law imposes certain duties on those who purchase alcoholic beverages. Some of these duties are for the benefit of third parties. Certainly, the duty to refrain from assaulting them is among them.

However, the Green Run Inn, Inc., acquired no duties under common law for the benefit of those third parties assaulted by people who may have purchased alcoholic beverages from it. The victims of such assaults have no cause of action against the Green Run Inn, Inc.

The statutory prohibition against the sale of alcoholic beverages to one who is intoxicated cannot create a new cause of action without an expressed intent by the legislature to do so. It could only serve to provide a new standard of care if a common law duty previously existed.

The creation of such a duty can only be accomplished by legislative enactment. The mere prohibition contained in § 4-62 is not sufficient to accomplish this.

Therefore, I have concluded that the Demurrer should be granted.