## CIRCUIT COURT OF FAIRFAX COUNTY

Tipco Homes, Inc.

v.

Professional Service Indus., Inc.,
and Novac, Inc.

August 16, 1989

Case No. (Law) 89584

By JUDGE THOMAS S. KENNY

This case was heard July 28 on the demurrer of Professional Services Industries, Inc. ("PSI") to Count III of plaintiff's motion for judgment. For the reasons set forth below, the demurrer is sustained.

Plaintiff alleges in its motion for judgment that it was the developer of a subdivision in Fairfax County and had engaged PSI to provide testing and inspection work on the project. It alleges that PSI failed to detect that a codefendant, Novac, Inc., had inadequately prepared the site for construction, has improperly compacted fill dirt on the site, and had graded the site to an excessively steep slope, all of this being contrary to the contract specifications, the standards of the industry, and the Fairfax County building code.

Count I of the motion for judgment claims a breach of contract by PSI, and Count III claims damages in tort

due to PSI's negligence. Counts II and IV assert similar claims against defendant Novac.

PSI demurred to Count III, asserting that under Virginia law, no independent tort exists where a duty of care is not established by common law or by agreement of the parties. PSI points out that plaintiff has not alleged in Count III that there was a contract between plaintiff and PSI giving rise to the duty. PSI also claims that the damages sustained by plaintiff were "purely economic loss", and thus in the absence of privity plaintiff could not rely on Virginia's anti-privity statute, Section 8.01-223, 1950 Code of Virginia (as amended).

Plaintiff responds that there is in fact privity of contract between it and PSI; that where privity exists, alternative counts in tort and contract are allowed; that in any event the damages sustained are injuries to property, thus bringing the pleading within the permissible scope of Section 8.01-223; and that the violations of the building code constitute negligence *per se.*

The demurrer is sustained, with leave to amend. Plaintiff should have specifically pleaded the existence of a contract (*i.e.,* privity) between it and PSI in Count III, either directly or by incorporating earlier allegations of its motion for judgment into Count III. The Court acknowledges that elsewhere in its pleadings, plaintiff has pled a contract, but the earlier allegations will not aid Count III unless they are referred to or made part of that count. *Purcell v. Washington & O. D. Ry.,* 132 Va. 325, 11 S.E. 300 (1922). Although *Purcell* is an old case and the concept of "notice pleading" has advanced considerably since it was handed down, I believe the basic requirement still exists of identifying the origin of the duty which plaintiff claims has been breached.

Although a plaintiff in privity of contract with a defendant can recover in tort for the defendant's negligence, *see Lochaven Co. v. Master Pools,* 233 Va. 537 (1987), a lack of privity would be fatal to a negligence claim unless there has been damage to persons or property within the meaning of Section 8.01-233, *Blake Construction Co. v. Alley,* 233 Va. 31 (1987). The kind of damage sustained by plaintiff in this case does not appear to differ qualitatively from the damage sustained by the plaintiffs in *Sensenbrenner v. Rust, Orling and Neale,* 236 Va. 419 (1988),

where a swimming pool built on improperly compacted fill caused damage to the plaintiffs' home. The Virginia Supreme Court held in *Sensenbrenner* that plaintiffs merely suffered economic loss, and lack of privity was therefore fatal to their claim.

The foregoing paragraphs dispose of plaintiff's claims that privity exists (it may, but it has not been pled in this count) and that privity is not required (it is, because this is economic loss, not damage to property). However, plaintiff also contends that the alleged violations by PSI of the Fairfax County building code constitutes negligence *per se*, regardless of whether a contract exists between the parties. This would be true only if (1) the ordinance related to the safety of persons and property, and (2) plaintiff were a member of the class sought to be protected by the ordinance. *Compare*, *e.g.*, *Butler v. Frieden*, 208 Va. 352 (1967), *with Smith v. Virginia Transit Co.*, 206 Va. 951 (1966).

Here, I believe a strong case can be made that the building code is a safety ordinance; however, I am not prepared to extend to plaintiff the status of being in a protected class. Plaintiff, in fact, as the developer of the property, was ultimately responsible for its compliance with the building code, and if it failed to conform, plaintiff should not be able to rely on the ordinance to give it a cause of action against a third party. Furthermore, in recent years, the Supreme Court has shown a reluctance to find that a statute establishes a duty of care to a protected class. In *Williamson v. The Old Brogue, Inc.*, 232 Va. 350 (1986), the Court dealt with a statute which made it a misdemeanor to sell alcoholic beverages to an intoxicated person, and it refused to find that a motorist injured by a drunk driver was part of a protected class.

Plaintiff is not precluded from asserting and proving that the contract between it and PSI required PSI to abide by the building code and industry standards--indeed, it has so alleged in Count I. But PSI's demand that plaintiff state the origin of PSI's duty to plaintiff is well taken, and in this setting I do not believe that the mere allegation of a code violation is enough. Accordingly, I sustain PSI's demurrer to Count III, with leave for plaintiff to amend within fourteen days.