## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Jessie Erwin

v.

T. E. M., Inc.

v.

New Jersey Fireworks
Manufacturing Co., Inc., and
Washington Fireworks Co., Inc.

October 31, 1989

Case No. CL88-2054

By JUDGE THOMAS S. SHADRICK

This cause came to be heard upon motion of the defendant, T. E. M., Inc., and the third-party defendants, New Jersey Fireworks Manufacturing Company, Inc., and Washington Fireworks Company, Inc., for summary judgment based upon the plaintiff's pleadings.

The plaintiff's pleadings, as well as stipulations of counsel, reveal that the plaintiff, Jessie Erwin, is an adult male residing in Virginia Beach, Virginia. On July 4, 1987, he purchased a Class C skyrocket type firework from T's Corner in Oak Hill, Virginia. Later that day in Virginia Beach, Virginia, the plaintiff ignited said fireworks which then struck him in his eye, severely and permanently injuring him. The plaintiff alleges that his injuries were caused by the defendant's negligence and breach of warranties.

The plaintiff argues, *inter alia*, that a consideration of summary judgment is not proper at this juncture because there are questions of fact as to whether the skyrocket was defective. He claims that, had the skyrocket in question not been defective, the injury never would have occurred. Additionally, plaintiff states that even though it is a violation of Virginia law to buy or use a skyrocket, it should be a question for the jury as to whether this violation of law was a proximate cause of the injury. The court disagrees with this analysis and is of the opinion that no material facts are in dispute and therefore summary judgment is a proper consideration at this time.

Every competent adult in this Commonwealth is aware of the inherent dangers of fireworks. It is with full knowledge of this hazard that the legislature sought to protect its citizenry from harm by enacting Va. Code Ann. Section 59.1-142 which reads, in pertinent point, as follows:

> It shall be unlawful for any person, firm, or corporation to transport, manufacture, store, sell, offer for sale, expose for sale, or to buy, use, ignite, or explode any firecracker, torpedo, skyrocket, or other substance or thing, of whatever form or construction, that contains any explosive or inflammable compound or substance, and is intended, or commonly known, as fireworks and which explodes, rises into the air, or travels laterally, or fires projectiles into the air . . .

There is no dispute that the plaintiff violated this statute by buying, transporting, using, and igniting the skyrocket. Nor can there be any question that the resulting injury was just the type of harm that the statute was intended to protect against. The statute sets forth a standard of care by prohibiting the purchase or use of certain types of fireworks. In using and igniting a skyrocket, the plaintiff breached his duty to follow this standard of care. See *Butler v. Frieden*, 208 Va. 352, 158 S.E.2d 121 (1967). The plaintiff's actions, therefore, constitute negligence *per se*. The question of whether this negligence is a proximate cause of the injury is

usually a question of fact for the jury. *Smith v. New Dixie Lines*, 201 Va. 466, 111 S.E.2d 434 (1959). In this case, however, reasonable men cannot differ in their conclusions as to whether the plaintiff's negligence was a contributory cause of the injury. Had he not ignited the skyrocket, the injury never would have occurred.

In addition to this negligence claim, plaintiff has alleged breaches of warranties arising out of the sale of the skyrocket. Since § 59.1-142 prohibits the selling or buying of a skyrocket type firework, any agreement regarding the purchase of a skyrocket in this Commonwealth would be against public policy and thus void and of no legal effect. *Cohen v. Mayflower*, 196 Va. 1153, 86 S.E.2d 866 (1955). No breach of warranty action can therefore arise from an agreement which has no legal effect.

For the foregoing reasons, the court grants the motions of the defendants for summary judgment.