## CIRCUIT COURT OF LOUDOUN COUNTY

Craig Anthony Koppie

v.

Carl Erickson

May 12, 1993

Case No. (Law) 13367

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of the Defendant, Carl Erickson, to the Amended Motion for Judgment filed herein by the Plaintiff, Craig Anthony Koppie. In six separate counts, including intentional and negligent destruction of personal property and negligence *per se* as a violation of four separate state and federal statutes, Koppie seeks recovery from Erickson for the killing by him of a Gyr/Peregrine falcon owned by Koppie. The Court heard oral argument on May 6, 1993, after which the Demurrer to counts of intentional and negligent destruction of personal property (Counts One and Two) was overruled. The Demurrer to the other four counts, all involving negligence *per se*, was taken under advisement.

For the reasons hereinafter set forth, the Demurrer to four negligence *per se* counts is sustained. Each count is addressed below.

I. *Demurrer to Counts Three and Four Involving the Federal and State Endangered Species Act*

In Counts Three and Four Koppie alleges that the falcon destroyed by Erickson was an endangered species under the federal Endangered Species Act (Title 16, Chapter 35, of the United States Code) and the Virginia version of the Endangered Species Act (Va. Code, Section 29.1–563 *et seq*). Under either Act the taking, which includes killing, is prohibited except in very limited situations, none of which are applicable to Erickson. Koppie alleges that Erickson was negligent *per se*

because he killed an endangered species in violation of both the federal and state acts.

As this case is before the Court on a demurrer, the facts recited herein are as alleged in the Amended Motion for Judgment and are taken as true together with all fair inferences therefrom. *Palumbo* v. *Bennett*, 242 Va. 248, 249 (1991). Koppie was licensed to own the falcon by virtue of permits issued by both the federal and state governments. He was lawfully hunting with the falcon on December 30, 1990, on land adjacent to Erickson's property. The falcon had on bells, jesses, transmitters and a name tag on its legs. It was also banded as required by federal law. The falcon flew upon the land of Erickson where he kept chickens. He came upon the falcon engaged in a struggle with one of his chickens. Using a pitchfork he separated the falcon and the chicken. Although no chicken suffered any permanent damage and the falcon attacked neither Erickson nor a chicken, he killed the falcon. No other person was in his vicinity when he killed the falcon thereby causing economic loss to Koppie.

Erickson makes no argument that he was permitted to destroy the falcon, an endangered species, under the provisions of either the federal or state Endangered Species Acts. Koppie argues that Erickson violated either act in destroying the falcon, and, hence, was negligent. However, the mere violation of a statute, by that very act alone, does not constitute actionable negligence or make the violator negligent *per se*. *Williamson* v. *Old Brogue, Inc.*, 232 Va. 350, 355 (1986). Koppie does not argue that the Acts create a statutory tort action in his favor, but only that the violation of the Acts is negligence *per se*.

I am of the opinion that *Williamson*, as well as the older cases of *Butler* v. *Frieden*, 208 Va. 352 (1967), and *Smith* v. *Transit Co.*, 206 Va. 951 (1966), make it clear that:

(1) In order for the violation of a statute to constitute actionable negligence, the injured party must have been of the class for whose benefit or protection the law was enacted;

(2) A statute may define the standard of care to be exercised where there is an underlying common-law duty, but the doctrine of negligence *per se* does not create a cause of action where none otherwise exists; and

(3) The statute must have been enacted to provide for the safety of the public.

The federal and state Endangered Species Acts were not enacted to protect the public from endangered species, but were enacted to preserve the endangered species because of their aesthetic, ecological, educational, historical, recreational and scientific value to the United States and its people. In 16 U.S.C. Section 1531(b) the purposes of the federal Act are set forth to include the conservation of the ecosystems upon which endangered species depend and the conservation of such endangered species.

Koppie falls within a very defined class by having the permits which allow him to own legally the endangered falcon. Although the Act allows Koppie to own the endangered species with a federal and state permit, it does not mean automatically that he falls within the class for whose benefit or protection the law was enacted. The Act does not state as a purpose the protection of the property interest in the bird of those who can legally own one under it. The prevention of damage to a lawfully owned endangered bird may be an incidental benefit flowing from the Act, but it is not a plain goal of the Act.

Conservation of an endangered species does not promote the safety of the public. There is no indication that the public is safer because endangered species are protected. Therefore, Koppie does not fall within the class for whose benefit the Act was enacted, and violation of the act does not constitute negligence *per se*. The Virginia Act follows the federal Act, and there is nothing in the Virginia Act to cause a different conclusion.

Koppie has not cited the Court to any cases which specifically hold that violation of either the Endangered Species Act or the Migratory Bird Treaty Act is negligence *per se*. Koppie, however, did cite to the Court *Chaffin* v. *Levandoske*, a case from the Fourth Judicial District of Montana, Ravalli County, decided February 6, 1989, involving an action for damages for the killing of a falcon which is a protected species under Montana law. The decision in *Chaffin* was founded on a violation of a statute of Montana making it a crime to kill the falcon which the court ruled was "evidence of negligence, or negligence *per se*", and a further finding that the defendant was guilty of gross negligence. The *Chaffin* court made detailed findings of fact in support of its conclusion that the defendant was grossly negligent. The court in *Chaffin* based its decision on the circumstances of the destruction of the falcon as constituting gross negligence as opposed to merely basing liability on negligence *per se*.

The Demurrer to Counts Three and Four is sustained.

II. *Demurrer to Count Five Involving the Federal Migratory Bird Treaty Act*

In Count Five Koppie asserts that Erickson is negligent *per se* because his killing of the falcon violated the federal Migratory Bird Treaty Act. For the same reasons as stated above as to the Endangered Species Act, I am of the opinion that Koppie is not included in the class for whose benefit this Act was enacted. This Act is not a public safety measure, but one to protect migratory birds and birds in danger of extinction.

Like the Endangered Species Act, if the Congress wanted to give a person who lawfully owns or possesses an endangered bird a cause of action for its damage or destruction with a standard higher than the common law negligence standard, then it could have included such a cause of action in either or both Acts. The Virginia General Assembly could have done the same for the state Endangered Species Act. However, neither Congress nor the General Assembly saw fit to do so.

Both Acts are aimed at species that are, with the rare permissible exceptions, wild and not the property of anyone. The Acts aim to protect birds and animals that are free and in the wild, and to protect them for the benefit of the public at large. For the killing of an endangered species to be negligence *per se* because it violated either Act would give the benefit of a higher standard of care to a very small class of persons like Koppie who have the required permits to own an endangered species that would not otherwise be available to the public in general. Under such circumstances, the legislative body must create a statutory tort to give the owner the benefit of the higher standard of care.

The language cited by Koppie in 16 U.S.C. Section 1540(g)(5) does not create a cause of action but merely provides that the Endangered Species Act does not restrict any rights that otherwise exist.

The Demurrer to Count Five is sustained.

III. *Demurrer to Count Six Involving the Virginia Hunting and Trapping Law*

Under Section 29.1–512 there is a continuous closed hunting season on all birds which are not nuisance species. Koppie alleges that the falcon is not a nuisance species. Under Section 29.1–521(A)(10) the killing of a wild bird except as permitted by law is a Class 3 misde-

meanor. Koppie alleges the killing of the falcon was not permitted by Virginia law and was in violation of Section 29.1–521(A)(10). Therefore, he asserts that Erickson is negligent *per se*. I do not agree for reasons similar to my decision as to federal and state Acts discussed above.

The hunting and trapping laws are not public safety measures. They are not for the benefit of any individual, but for the benefit of all the citizens of the Commonwealth. Cf. *Meredith* v. *Triple Island Club*, 113 Va. 80, 83 (1912). There may be an incidental benefit of safety protections for hunters, but the laws were not aimed at preserving the property interests of individuals in birds. The laws allow for the orderly taking of game in a manner so as not to decimate a particular type or cause them to be taken inhumanely. The laws regulate hunting and trapping to insure that birds and wild animals will neither be taken indiscriminately so as to lead toward possible extinction nor be so protected as to lead to overpopulation and its resulting problems to the public as well as the game. Koppie is not a member of the class for which the hunting and trapping laws were enacted.

The Demurrer is sustained to Count Six.

### Order

Let Mr. West prepare an order overruling the Demurrer to Counts One and Two, and sustaining it as to Counts Three, Four, Five and Six (the negligence *per se* counts). No leave to replead is granted because the deficiencies cannot be cured by amending the Amended Motion for Judgment.