**Mickie Movita Gordon RIDGE, Individually and as Administratrix of the Estate of Charles W. Ridge, Deceased, Plaintiff–Appellee,**

v.

**CESSNA AIRCRAFT COMPANY, a Corporation, Defendant–Appellant.**

**Mickie Movita Gordon RIDGE, Individually and as Administratrix of the Estate of Charles W. Ridge, Deceased, Plaintiff–Appellant,**

v.

**CESSNA AIRCRAFT COMPANY, a Corporation, Defendant–Appellee.**

Nos. 94–2304, 94–2408.

United States Court of Appeals, Fourth Circuit.

Argued May 1, 1995.

Decided June 23, 1997.

---

**ARGUED:** Mark Andrew Dombroff, Dombroff & Gilmore, Washington, DC, for Appellant. Walter Thompson Comerford, Jr., Robinson, Maready, Lawing & Comerford, L.L.P., Winston–Salem, NC, for Appellee. **ON BRIEF:** Dane B. Jaques, Mark E. McKinnon, Dombroff & Gilmore, Washington, DC, for Appellant. Jerry M. Smith, John N. Taylor, Jr., Robinson, Maready, Lawing & Comerford, L.L.P., Winston–Salem, NC; James M. Llewellyn, Jr., Thompson & Llewellyn, P.A., Fort Smith, AR, for Appellee.

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by published opinion. Judge WIDENER wrote the opinion, in which Judge LUTTIG and Judge WILLIAMS joined.

## OPINION

WIDENER, Circuit Judge:

On March 20, 1988 plaintiff's decedent, Charles Ridge, and two passengers were killed when the Cessna model 210N airplane piloted by Ridge suffered an in-flight structural failure and crashed at Quantico, Virginia. Ridge's wife filed this diversity action against Cessna Aircraft Company and alleged simple and gross negligence, breach of express and implied warranty, strict liability, and misrepresentation. The district court dismissed all but the negligence claims. Plaintiff's theory of the case was that a design defect in the tail of the Cessna 210 caused the in-flight breakup of the plane. Defendant's theory of the case was that when Ridge flew the plane into clouds he became spatially disoriented and lost control of the plane. Cessna contended that in an attempt to regain control of the plane, Ridge overcompensated and this extra force exceeded the plane's design limitations and led to the in-flight breakup of the plane. The jury returned a verdict for the plaintiff. Cessna filed post-trial motions for judgment as a matter of law or in the alternative for a new trial. The district court denied both motions. Cessna appeals and asks for a new trial alleging that: (1) the jury conducted an experiment that improperly formed the basis for their verdict; (2) the district court improperly admitted evidence of unrelated Cessna 210 accidents; and (3) the district court erred by not instructing the jury on the issues of plaintiff's negligence per se and wanton and willful misconduct.

In addition, Cessna alleges that the district court committed reversible error when it failed to grant judgment as a matter of law on the question of Cessna's gross negligence. Mrs. Ridge cross-appeals and alleges that the district court erred by: (1) not submitting plaintiff's claim for punitive damages to the jury and (2) allowing the jury to set interest on the judgment at a rate lower than Virginia's statutory rate of interest. Mrs. Ridge requests that this court remand the case for entry of judgment computed at what she says is the correct statutory interest rate and for a new trial on the issue of punitive damages. Finding no error, we affirm.

## I.  *Cessna's claims on appeal*

### A.  *Exhibit in Jury Room*

■ Cessna claims that the jury conducted an experiment that improperly formed the basis for its verdict.  During trial, Mrs. Ridge's attorneys brought a model of the tail section of a Cessna 210 into the courtroom to aid in the examination of witnesses and so used the model.  Cessna's attorneys also used the model when cross-examining plaintiff's witnesses and when questioning their own defense witnesses.  Because of the number of exhibits and the size of several exhibits, the district court and the parties agreed that the jury should deliberate in the courtroom.  According to a letter from one juror, another juror used the model during deliberations to illustrate how a part of the aircraft failed.

The district court denied Cessna's motion for a new trial because Cessna had acquiesced in having the model in the room with the jury during jury deliberations.  It also found that the jury did not conduct an experiment from extrinsic evidence.  In that respect, the record shows to be frivolous the present argument of Cessna that it had not acquiesced in leaving the model in the jury room, as is shown by the tape of oral argument:

> The Court:  Did they [the plaintiff's attorneys] say we will remove the gadget [the model] from the court room if you [Cessna's attorneys] want us to, and did you remain silent?

> Attorney:  I believe that is the record, Your Honor.

Likewise, although apparently inadmissible under Fed.R.Evid. 606(b), because the model was not "improperly brought to the jury's attention," the letter from the juror showed no more than that the other juror had used it to simulate how a part of the aircraft had failed.  So even if admissible, the letter in question upon which this aspect of the case must depend, supports the finding of the district court that the jury did not conduct an experiment from extrinsic evidence.  Witnesses for both sides had used the model to explain their respective theories of the case, and the juror did no more than use the model to simulate his understanding.

■ We review a decision denying a motion for a new trial for abuse of discretion.  *Bristol Steel and Iron Works, Inc. v. Bethlehem Steel Corp.,* 41 F.3d 182, 186 (4th Cir. 1994).  The correct finding of the district court that the model had been left with the jury by acquiescence, and indeed by tacit agreement, precludes objections that the jury used the model.  Had there been objection to its use, that should have been made at the time.  And, in all events, any error which may have resulted is nothing more than invited error and so is not reversible.  See, e.g., *United States v. Neal,* 78 F.3d 901, 904 (4th Cir.) (defendant invited error by himself eliciting statements he challenges on appeal), *cert. denied,* — U.S. ——, 117 S.Ct. 152, 136 L.Ed.2d 97 (1996);  *United States v. Herrera,* 23 F.3d 74, 76 (4th Cir.1994) (invited error doctrine bars defendant's claim that instruction he requested was error);  *Wilson v. Lindler,* 8 F.3d 173, 175 (4th Cir.1993) (en banc) (defendant invited instruction error through encouragement of particular theory), *cert. denied,* 510 U.S. 1131, 114 S.Ct. 1101, 127 L.Ed.2d 414 (1994);  *Dallago v. United States,* 427 F.2d 546, 553–54 (D.C.Cir.1969) (jury room should remain free of prejudicial evidence not received during trial unless accused is at fault in its presence);  *Osborne v. United States,* 351 F.2d 111, 116 (8th Cir. 1965) (defendant would have invited error had he induced the delivery to the jury of an exhibit not admitted into evidence).

Accordingly, we are of opinion that the district court did not abuse its discretion in refusing to set aside the verdict on account of the model in the jury room.

### B.  *Substantially Similar Accidents*

■ Cessna claims that the district court erred in allowing evidence of certain other accidents involving Cessna 210 airplanes to be admitted because: (1) the plaintiff did not prove that the accidents were substantially similar to the Ridge accident, (2) the evidence was unfairly prejudicial, and (3) the evidence was inadmissible on the issue of causation as a matter of Virginia public policy.  We review such evidentiary rul-

ings for abuse of discretion. See *Benedi v. McNeil–P.P.C., Inc.*, 66 F.3d 1378, 1383, 1385 (4th Cir.1995).

The district court held a pretrial evidentiary hearing to determine the admissibility of this evidence. The court heard deposition testimony of three Cessna employees and live testimony from plaintiff's expert witness. The district court ruled that the evidence was admissible because the other accidents were substantially similar to the current accident and the evidence was not unfairly prejudicial to the defendant. This finding is supported by the record.

■ The record does not support a finding that the district court abused its discretion in ruling that evidence of the other accidents was admissible. Any dissimilarities do not go to the question of admissibility but rather to its weight. *Benedi*, 66 F.3d at 1386. The district court did not err in refusing to exclude the evidence as unfairly prejudicial because the evidence was probative on the issue of notice, and Cessna was free to offer evidence to rebut plaintiff's evidence or to discredit plaintiff's evidence during cross-examination. See *Benedi*, 66 F.3d at 1386.

Cessna also claims that plaintiff's witness Donham's reference to accidents other than the substantially similar accidents was unfairly prejudicial. Cessna moved for a mistrial. The district court denied the motion and offered to give a limiting instruction, but Cessna declined. Upon reviewing the exhibit in question,[1] the court determined that it was

relevant and not prejudicial. We are of opinion this ruling was correct.

We do not reach the question of whether the evidence of other accidents was inadmissible as a matter of Virginia public policy because the objection to the evidence was not made on that ground. When Cessna objected to this evidence, it did so on two grounds: (1) relevance because the other accidents were not substantially similar and (2) prejudice because Cessna had not seen the specific list in the exhibit. The district court asked if there was any other objection and when advised there was not, the court overruled the objection.[2]

### C. *Plaintiff's Negligence and Willful and Wanton Misconduct*

■ Cessna also claims that the district court erred in not instructing the jury on what it terms negligence per se[3] and willful and wanton negligence. The argument goes that there was evidence that plaintiff violated certain Federal Aviation Regulations and put himself in a situation in flight for which he was not trained. Although Virginia law recognizes that the violation of an ordinance may constitute negligence, *Butler v. Frieden*, 208 Va. 352, 158 S.E.2d 121, 122 (1967), the district court determined that an instruction would have been inappropriate in this case because certain of the regulations at issue were too general to form the basis of an instruction that this violation would constitute negligence as a matter of law.

■ The court found that 14 C.F.R. § 91.3 (1988)[4] and 14 C.F.R. § 91.9 (1988)

---

1. Exhibit 78 contained information about a Cessna 210 that suffered inflight flutter problems and damage similar to the damage in the Ridge case, yet did not crash. Plaintiff intended to use this exhibit to show that Cessna had notice.

2. Counsel for plaintiff stated that the list was identical to one already in Cessna's possession, except that one list was oriented vertically.

3. The objection made was that the court declined to instruct the jury on "negligence per se." At the outset, we note that Cessna offered no instruction to that effect, but did mention the matter when the court was considering instructions.

   Aside from the fact that the instruction was not offered, we have had called to our attention no Virginia case in which the jury is instructed on "negligence per se," although that practice may

not be the law in other states. See *Goss v. Williams*, 196 N.C. 213, 145 S.E. 169, 173 (1928). It is true that Virginia does instruct that a violation of a statute or ordinance may be negligence, as *Butler* sets out. But so far as has come to our attention, the courts do not instruct the juries that certain conduct is negligence as a matter of law, or "negligence per se," only that it is negligence.

The foregoing comment goes principally to the form of an instruction, but very repetition of the words "negligence per se" in Cessna's argument makes it advisable, we think.

4. Section 91.3 provides for the responsibility and authority of the pilot in command:

   (a) The pilot in command of an aircraft is directly responsible for, and is the final authority as to, the operation of that aircraft.

(subsequently recodified at 14 C.F.R. § 91.13 (1995)) [5] provided for general guidelines and standards of conduct, and therefore, that they could not support such an instruction.

Three other circuits have similarly held that 14 C.F.R. §§ 91.3 and 91.9 are too general to form the basis of such a negligence instruction. *Joy v. Bell Helicopter Textron, Inc.,* 999 F.2d 549, 558 (D.C.Cir.1993) (§ 91.9); *Beck v. Thompson,* 818 F.2d 1204, 1210–1211 (5th Cir.1987) (§ 91.3(a) and § 91.9); *Rimer v. Rockwell Int'l Corp.,* 641 F.2d 450, 454 (6th Cir.1981) (§ 91.3(a)). These regulations do not impose a particular duty upon a pilot, rather, they provide for general standards of conduct. See *Beck,* 818 F.2d at 1210; *Rimer,* 641 F.2d at 454–55. We agree with *Joy, Beck,* and *Rimer* and hold it was not error to decline an instruction finding negligence for their violation.

The district court stated that 14 C.F.R. § 91.105 presented a closer question on whether the court should instruct the jury on negligence for a violation. Section 91.105 provides the basic Visual Flight Rules (VFR) weather minimums under which a VFR pilot may not operate an aircraft.[6] 14 C.F.R. § 91.105 (1988) (subsequently recodified at 14 C.F.R. § 91.155 (1995)). The court found that although Cessna put on evidence that tended to show that Ridge technically may not have complied with § 91.105, an instruction finding negligence based solely on its violation was unwarranted because of the provision in § 91.3 that allows a pilot to deviate from the rules in an emergency situation. Given the fact that Ridge did indeed encounter emergency conditions prior to the crash, the court's conclusion was not erroneous and within its discretion.

■ The rule in the federal courts is that instructions are to be considered as a whole. *Barber v. Whirlpool Corp.,* 34 F.3d 1268,

1279 (4th Cir.1994). Application of that rule in this case to the special verdict also supports our decision. While the district court declined to give instructions permitting a finding of negligence for violations of particular regulations, Cessna got essentially the same benefit by the district court's inclusion of questions in the special verdict permitting a finding of negligence by Ridge on account of the conduct about which Cessna based its claim of contributory negligence.

8. Has Cessna proven by the greater weight of the evidence that on March 20, 1988, Charles Ridge was negligent in flying the model 210N Airplane 6410N into clouds and/or snow?

_____
Yes or No

9. Has Cessna proven by the greater weight of the evidence that on March 20, 1988, Charles Ridge was negligent in continuing to fly through a turbulent storm for a period of time when he had no visibility?

_____
Yes or No

10. Has Cessna proven by the greater weight of the evidence that on March 20, 1988, Charles Ridge was negligent in failing to follow correct emergency procedures once he learned that he was having difficulties?

_____
Yes or No

So, the jury was fairly instructed. Since it answered all of those questions "no," the verdict found Ridge to have been free of contributory negligence.

Mrs. Ridge also argues, and the district court also found, that even an erroneous failure to give instructions based on the regulations we have just mentioned was not prejudicial. The reasoning goes that because of

(b) In an emergency requiring immediate action, the pilot in command may deviate from any rule of this subpart or of Subpart B to the extent required to meet that emergency.

(c) Each pilot in command who deviates from a rule under paragraph (b) of this section shall; upon the request of the Administrator, send a written report of that deviation to the Administrator.

14 C.F.R. § 91.3 (1988).

**5.** Section 91.9 prohibits careless or reckless operation of an aircraft.

No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

14 C.F.R. § 91.9 (1988).

**6.** Ridge was certified by the Federal Aviation Administration to fly as a VFR pilot.

the conflict in the special verdict, had the jury found Cessna to be liable on account of negligence, but also found Ridge to have been contributorily negligent which negligence was a cause of the accident, those findings would have been necessarily inconsistent. The district court, however, did not have to decide upon which conflicting version of the special verdict questions to enter judgment, for the jury found Ridge to be free of negligence, removing the necessity for any choice. Thus, we do not consider that question. We should mention that there was no objection by the parties to the special verdict form on that account.

 For like reasons, Cessna was not prejudiced by the district court's decision not to instruct the jury on willful or wanton negligence. Each side in this case presented evidence consistent with its theory of the case. The question of Ridge's negligence properly went to the jury, and the jury found that Ridge acted neither negligently nor with gross negligence. Virginia law defines willful and wanton negligence as "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, ... aware, from ... knowledge of existing circumstances and conditions, that [the] conduct probably would cause injury to another." *Griffin v. Shively*, 227 Va. 317, 315 S.E.2d 210, 213 (1984). Having found Ridge not negligent, the jury could not have then found that Ridge acted willfully and wantonly.

### D. *Failure to Grant Judgment to Cessna as a Matter of Law on the Question of Gross Negligence*

The jury found Cessna guilty of gross negligence and this finding was confirmed by the district court, which found that it could not say that reasonable minds could not differ as to whether or not Cessna was grossly negligence in this case, especially, the district court pointed out, in its testing and its duty to warn. While Mrs. Ridge argues persuasively that the holding of the district court is correct, we do not have to decide that question. The various findings of negligence

which are supported by the record in this case fully support the verdict. So any error there may have been, and we do not suggest there was any, would be harmless.

### II. *Cross Appeal of Mrs. Ridge*

Mrs. Ridge, in her cross appeal, complains that she would like the judgment sustained except to have the case retried on the issue of punitive damages, and she also complains that the jury's award of five percent interest should have been higher.

 The district court declined to submit the issue of punitive damages to the jury. Virginia Code § 8.01–52(5) provides that punitive damages must be supported by willful or wanton conduct or such recklessness as evinces a conscious disregard for the safety of others. The district court held that Cessna's conduct did not violate that standard, and we agree.

The court submitted the question of the rate of interest and the date it should apply to the jury under the provisions of Virginia Code § 8.01–382 which permits the jury to set the rate of interest and the date from which it runs. No objection was taken to the form of the verdict which contained that provision. The district court construed a companion statute, § 6.1–330.54, which fixes interest rates in some circumstances, as not to apply unless the jury does not act with respect to interest. Even if we assume that this ruling was not precisely correct, we are of opinion it was not fundamental error and we affirm.[7] See *Stewart v. Hall*, 770 F.2d 1267, 1271 (4th Cir.1985).

The judgment of the district court is accordingly

*AFFIRMED.*

---

7. It is also arguable that the remarks of the plaintiff's attorney that, "I think that [the verdict form] covers it real nicely," was an agreement as to the form of the verdict.