# CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia E. Smith

v.

Grayson Simmons

September 22, 2014

Case No. CL14-947

By Judge Melvin R. Hughes, Jr.

This case, an appeal from the General District Court, came on to be heard for trial by the Court without a jury on August 28, 2014. Plaintiff appeared *pro se*, and Defendant was present with counsel.

The case arises out of a dog bite incident on April 30, 2014. Plaintiff, who is Defendant's landlord, was on the demised premises that day waiting for a prospective tenant to arrive and inspect the downstairs of the duplex residence. Defendant, Plaintiff's tenant, lives in the apartment upstairs.

There came a time when Plaintiff went to the backyard where Defendant's dog was present. Defendant was not present at the time. Plaintiff testified the dog attacked her with a bite on the leg which required medical attention. Her medical bills amount to about $3,700.00. She also stated that, as a result of her injury, she remained home from her employment for a total of four weeks. Plaintiff's leg shows two large scars which appear to be permanent.

Defendant testified that he paid a $150.00 pet fee as a part of his lease. He said he had no prior knowledge of his dog's violent behavior, and he provided a picture of a "beware of the dog" sign he posted on the entrance gate to the back yard on the side of the house. Contrary to Plaintiff's testimony, he denied that he was restricted to having the dog in the backyard without his presence.

Plaintiff testified that the parties executed an addendum to the lease agreement which required that the dog be accompanied at all times. The Court took the case under advisement to review the Court's electronic file and to locate the document.

The Court found an addendum between the parties in the record which states that Defendant is permitted to have a dog on the property subject to certain conditions. None of those, however, require that the dog be accompanied by its owner in the yard at all times as Plaintiff testified.

The record contains another item which the court was not cited to. By letter dated March 1, 2013, Plaintiff admonished Defendant for failing to clean up after the dog, and she directed that the dog should leave the premises. Plaintiff mentions in the letter that she, periodically, visits for maintenance, including mowing the lawn, etc. Given the date of the letter and the date of incident, the last known information is that Plaintiff no longer wanted the dog on the premises despite Defendant's payment of the pet fee.

Dog bite cases giving rise to claims for personal injury implicate several statutory and common law authorities. During the trial, Plaintiff cited a City of Richmond Ordinance, § 10-173, which provides that an owner must "exercise proper care and control of a dog or cat to prevent it from becoming a public nuisance." This has no application here because by its terms, the ordinance has to do with a duty with respect to public nuisance.

Virginia Code §§ 3.2-6540 and 3.2-6540.1 define "dangerous dog" and "vicious dog," and state that a dog owner's notice of their dog previously inflicting injury is required for liability. When a dog injures another person or animal, this places the dog owner on notice of their dog's dangerous or vicious propensities, imbuing the owner with a heightened standard of care with respect to their dog's actions in the future. This is sometimes colloquially referred to as the "one bite" rule. When the dog owner is *not* on notice of the dog's propensities, Virginia case law indicates that "the dog owner . . . [has] the common law duty of exercising ordinary care to protect persons from injuries that might be inflicted by his dog and [can be] subject to civil liability for breach of that duty." *Butler v. Frieden*, 208 Va. 352, 355 (1967).

Based on the evidence presented by the parties and through counsel, the Court finds that Defendant did not breach the duty of care to which he was held for his dog's behavior. Given Defendant's uncontradicted testimony that he was unaware of his dog's attacking anyone prior to the event in question, the Court cannot hold Defendant to the heightened duty of care that would apply if he was on notice of his dog's dangerous or vicious propensities. Otherwise, there is no evidence of any breach of duty on the part of the Defendant even though Plaintiff was injured. The dog was not running at large so as to implicate the "leash laws." And there is no evidence that the Defendant did or omitted to do anything that led to Plaintiff's injury. While Plaintiff's injury is unfortunate, the Court has no evidence before on which to base a judgment that the Defendant should be held responsible.