IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

_____

IN RE:

ESTATE OF ODELL P. BRADLEY,
DECEASED.

EDITH STEWARD and
BARBARA RAMSEY,

    Plaintiffs/Appellants,

VS.

CHRISTIAN S. HOFSTETTER,
Executor of the Estate of Odell P.
Bradley, Deceased,
MARY L. BRADLEY BARNES,
JOYCE B. NORRIS,
RICHARD GARFIELD BRADLEY
and ODELL P. BRADLEY, JR.,

    Defendants/Appellees,

Davidson Probate No. 99977
C.A. No. 01A01-9411-PB-00553

Hon. Joe P. Binkley, Sr.,
Special Judge

**FILED**

**Nov. 29, 1995**

**Cecil Crowson, Jr.**
Appellate Court Clerk

EDITH STEWARD, Pro Se.

WILLIAM S. HOFSTETTER, Nashville,
Attorney for Christian S. Hofstetter, Executor of the Estate of Odell P. Bradley,
Defendant/Appellee.

**AFFIRMED**

Opinion Filed:

_____

MEMORANDUM OPINION[1]

_____

**TOMLIN, Sr. J.**


    Contestants ("appellants") have appealed from a dismissal of a will contest suit

---

[1]Rule 10(b) (Court of Appeals).  Memorandum Opinion.  -- (b)  The Court, with
concurrence of all judges participating in the case, may affirm, reverse or modify the
actions of the trial court by memorandum opinion when a formal opinion would have no
precedential value.  When a case is decided by memorandum opinion it shall be
designated "MEMORANDUM OPINION," shall not be published, and shall not be cited
or relied on for any reason in a subsequent unrelated case.

1

filed by them in the Davidson County Probate Court. Following a bench trial, the Honorable Joe P. Binkley, Sr., Special Judge, found that no proof had been presented to establish that the decedent was unduly influenced or that he was of unsound mind, and that the will was in fact his proper Last Will and Testament. The contestants' complaint was dismissed. One of the contestants below has appealed pro se. Appellant's brief fails to comply with T.R.A.P. 27(a) in several ways, one of them being an absence of the statement of the issues. In order to properly dispose of this case, we conclude that the issue presented is whether the evidence preponderates against the judgment of the trial court. We find that it does not and affirm.

Appellant's brief fails to include a table of contents, a table of authorities, a statement of the case, or a conclusion of stating the relief sought, in addition to omitting any statement of the issues. Furthermore, it appears that medical records and other statements purported to be "facts," outside the statement of evidence approved by the trial court, have been included in Appellant's "brief." Appellant's status as a pro se litigant does not excuse her from complying with the requirements of the Tennessee Rules of Appellate Procedure. Irvin v. City of Clarksville, 767 S.W.2d 649, 652-53 (Tenn. App. 1988). Nonetheless, we will proceed to dispose of this matter on its merits.

In lieu of a transcript of the evidence below, both appellant and appellee submitted individual narrative statements of the evidence as provided for by Rule 24(c) T.R.A.P. The trial court approved the statement of the evidence submitted by the appellee. On appeal our scope of review is de novo upon the record in the trial court, and all findings of fact by the trial court come to this court with a presumption of correctness. Unless we find that the evidence preponderates against these findings, absent an error of law, we must affirm. As noted, the trial court found that there was no factual or legal basis to set aside decedent's will, that it was his proper Last Will and Testament, and that there was no proof that decedent was unduly influenced or that he was of unsound mind.

Pursuant to T.C.A. § 32-1-102 (1984), any person of sound mind and over the age

2

of eighteen (18) is capable of making a will.  In order to possess the necessary testamentary capacity, the testator must know: (1) the nature and effect of making a will, (2) the nature and extent of his property and (3) the names and degree of kinship of the persons who are the natural objects of his bounty.  McCormack v. Riley, 576 S.W.2d 358, 360 (Tenn. App. 1978).  A person's testamentary capacity is measured at the time the will is executed.  In re Estate of Mayes, 843 S.W.2d 418, 427 (Tenn. App. 1992).

This Court has previously set forth the standards for burden of proof in the will contest:

> In a will contest the initial burden is upon the proponent of the will to show its prima facie validity and this is a question for the determination of the court.  Upon the proponent's satisfactorily showing prima facie validity, the burden shifts to the contestant and, generally, the burden is upon the contestant to show facts relied upon to void the will.

Taliaferro v. Green, 622 S.W.2d 829, 835 (Tenn. App. 1981); overruled on other grounds by Matlock v. Simpson, 902 S.W.2d 384, 386 (Tenn. 1995).

The approved statement of the evidence presents the following testimony, first, that offered by the appellee, proponent of the will:

Judge Gale Robinson, a retired general sessions judge, and a friend of the decedent, testified that on several occasions the decedent had told him that he wanted his oldest son, Odell, Jr., to receive the bulk of his estate.

O. B. Hofstetter, Jr., long-time attorney for decedent who prepared decedent's will, stated that decedent came into his office with his wife, Lena Bradley, on June 26, 1989 to have his will prepared.  Hofstetter testified that at that time decedent knew (1) the names of this children, (2) the gifts he wanted to make in his will, (3) the extent of his property, and (4) the implications of making his will.  Hofstetter further testified that he read the will to the decedent, who then signed the will in the presence of Hofstetter and

3

his secretary, Eunice Miller, both of whom signed as witnesses to the will. Hofstetter testified that there was no doubt in his mind that decedent possessed the requisite testamentary capacity to make a will and that he was not unduly influenced by anyone in so doing.

Ms. Eunice Miller, the legal secretary for Hofstetter, testified that she had known the decedent for many years and that he signed the document as his last will and testament in her presence and in the presence of Mr. Hofstetter and that they both, at decedent's request, signed as witnesses to the will. She also testified that there was no doubt in her mind that decedent possessed the requisite testamentary capacity to make a will and that he was not unduly influenced by anyone. The trial court then found that the paper writing was the valid last will and testament of Odell Bradley.

The contestants called as witnesses the five children of the decedent who were not substantially blessed in their father's will. Edith Steward testified that decedent treated all of the children the same and that her father was under a great deal of stress as he was caring for her mother, his wife, who had Alzheimer's disease. She also testified that the brother, Odell, Jr., who received a substantial portion of their father's estate, was very argumentative. She further stated that her father was a very strong willed man and that people could not make him do anything he did not want to do.

Another sibling, Barbara Ramsey, testified that her father had a rapid memory loss. He had another daughter, Joyce Norris, who testified that her father could not remember things that he should have remembered. However, she stated that she did not know whether or not her father was of sound mind in 1989. She also emphasized that her father was under a great deal of stress at that time. Garfield Bradley, another sibling, testified that his father had promised him the house and some money but that he didn't get anything.

In our opinion, the evidence does not preponderate against the findings of the trial

court that decedent was a strong willed man and that there was no proof regarding any undue influence or any proof that he was of unsound mind.

Accordingly, the judgment of the trial court is affirmed. Costs in this cause on appeal are taxed to appellants, for which execution may issue if necessary.

_____
TOMLIN, Sr. J.

_____
CRAWFORD, J.            (CONCURS)

_____
HIGHERS, J.            (CONCURS)